## SMITH *v.* BIBB MANUFACTURING COMPANY *et al.*

1. In the trial of a suit brought by a mother against a master for the homicide of her son, where there was no allegation in the plaintiff's petition that the defendant was negligent in the employment of the servants who had control over the deceased, it was not error to reject the declaration of one of such servants, since deceased, that he had been in the employment of the defendant for only a short time, and did not know what were the duties of the son.
2. Where all the theories properly arising in a case are covered by correct general propositions embraced in the judge's charge, if amplification of the same is desired, written requests should be made therefor.
3. The extracts from the charge complained of in the present case, when considered in the light of the portions thereof of which no complaint is made, were not erroneous for any reason assigned. The verdict was amply sustained by the evidence, and no error appears to have been committed which required the granting of a new trial.

Argued January 11,—Decided January 26, 1901.

Action for damages.     Before Judge Candler.     Newton superior court.     August 11, 1900.

*A. D. Meador, J. F. Rogers*, and *E. F. Edwards*, for plaintiff.
*J. M. Pace*, for defendant.

COBB, J.     Lucretia Smith brought suit against the defendants, for damages alleged to have been sustained by reason of the homicide of her son.     The trial resulted in a verdict for the defendants, and the case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant a new trial.

1. It is alleged that the court erred in excluding the following testimony of a witness for the plaintiff: "That he heard Dennis say that he had not been in the employ of defendant but a few days before Tommie Smith was killed, and did not know what the rules of the mill and duties of an alley boy were." It was admitted that Dennis was dead, and there was evidence tending to show that he was a general boss in the mill. It is contended that the court erred in rejecting the evidence, because the same was admis-

sible as the declarations of a deceased agent, and tended to show negligence on the part of the defendants, in that their agent failed to exercise proper supervision over the deceased, and tended to show that Dennis had put the deceased to a different work from that for which he was hired. It is unnecessary to decide, in the present case, whether such a declaration as that sought to be introduced is admissible under the provisions of section 3034 of the Civil Code, which declares: "The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the *res gestæ*, or else the agent be dead." Even if such a declaration would ordinarily be admissible, there was no error in rejecting the testimony in the present case, for the reason that there was no allegation that the defendants were negligent in the employment of their servants who had control over the deceased. There was nothing whatever in the evidence which tended to throw any light on the question as to whether the deceased was put to a different work from that for which he was hired.

2, 3. The undisputed evidence showed that the boy was thirteen years old at the time of his death; that he had been hired to the company by his father, not to be employed in any particular class of work, but in any work suitable to a boy of his age and capacity; that he had been changed from one work to another with the knowledge of the father; and while there was no evidence that the father knew he was in the habit of removing the belt, from which act his death resulted, still there was positive evidence that it was a violation of the rules of the company for boys employed in the work in which he was engaged to remove belts, and he had been warned from time to time not to do such work. But upon this point the evidence was conflicting. So far as the issue thus made was concerned, the question was fairly submitted to the jury, or at least there was no assignment of error on any part of the charge in relation to this matter which would authorize us to reverse the judgment of the trial judge in refusing to grant a new trial. Several grounds of the motion for a new trial complain of the failure of the court to charge on what is claimed to be material issues in the case. Upon a careful examination of the charge, it will be found that all of the matters referred to were embraced in the charge, although some of them were not dealt with in as full a man-

ner as the plaintiff claims they should have been. In such cases the uniform rule is that, in the absence of a written request for fuller instructions, the failure to charge more explicitly is not ground for a new trial. Several other grounds of the motion contain assignments of error upon extracts from the charge. In reference to these assignments it is sufficient to say that, when read in the light of the entire charge, the extracts complained of were not erroneous for any reason assigned. If the judge committed any error at all in his charge, it was not prejudicial to the plaintiff. So far as the assignments of error complaining of the admission of evidence are concerned, they were either not certified by the judge, or not insisted on in the argument here. The verdict was abundantly supported by the evidence; and, after a careful examination of the motion for a new trial and the brief of evidence, we are satisfied that the judge did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*