27717. STATE HIGHWAY BOARD OF GEORGIA v. LONG *et al.*

DECIDED NOVEMBER 30, 1939.

*C. E. Jackson, Roy Climer, Wright & Willingham,* for plaintiff. *McClure & McClure, Hale & Hale,* for defendants.

MacINTYRE, J. The State Highway Board of Georgia filed condemnation proceedings against P. B. Long and Sallie Long seeking to condemn a right of way in Dade County, Georgia. The State Highway Board appealed to the superior court from the award of the board of assessors. Upon the call of the case in the superior court, the State Highway Board made a motion to dismiss the appeal. The court overruled the motion and the State Highway

Board excepted. The sole question presented is as to the correctness of the judge in refusing to allow the dismissal of the appeal.

Code, § 6-503, provides: "No person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of the adverse party." The plaintiff in error contends that the appellate procedure in chapter 6 of the Code (of which the above-quoted section is a part) is not applicable to appeals from condemnation proceedings and therefore the above section is not applicable to the present case. With this we can not agree.

Code, § 3-510, declares in part that "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket." In passing, it might be pertinent to note that by authority of this Code section the Supreme Court, in *Georgia Railway and Power Company* v. *Mooney*, 147 *Ga.* 212 (1) (93 S. E. 206), held: "Where proceedings are instituted by a power company against a landowner to condemn property under the Civil Code, § 5206 et seq. [Code, 1933, § 36-301 et seq.], and an appeal is taken from the award of the assessors, the company, not having taken possession of the land, may dismiss the condemnation proceedings pending the appeal." However, a difference must be noted between dismissing a case on appeal and dismissing an appeal. The first dismissal lets out the whole case while the second is an affirmance of the judgment below and "'the rights of all the parties are the same as if no appeal had been entered.' § 3628 [Code, 1933, § 6-502]." *Fagan* v. *McTier*, 81 *Ga.* 73 (6 S. E. 177) ; *Peek* v. *Irwin*, 164 *Ga.* 450, 453 (139 S. E. 27). It appears that the court quoted from what is now Code, § 6-502, which provides in whole as follows: "An appeal shall suspend but not vacate judgment; and if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered." It must therefore be remembered that the present case is an attempt to dismiss an appeal. The Supreme Court held in *Central of Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880) : "An appeal from an award of assessors appointed in condemnation proceedings under the Civil Code, §§ 5206 et seq. [Code, 1933, §§ 36-301 et seq.], is a de novo investigation, and the defendant in such proceedings may file an appropriate legal

defense thereto." In so deciding, the court cited what is now Code, § 6-501, which gives the effect of an appeal to the superior court and provides as follows: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case."

The mode of procedure in condemnation proceedings is provided by statute, parts of which are as follows: "Within 10 days after the award is made, it shall be filed and recorded in the office of the clerk of the superior court of the county where the property is situated or franchise sought to be condemned is exercised." Code, § 36-508. "In case either party, or the representative of either party, is dissatisfied, he or they may, within 10 days from the time the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed; and at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done, with the same right to move for a new trial and file a bill of exceptions as in other cases at law." Code, § 36-601. The mode of procedure in appeals from a justice's court to the superior court is likewise statutory and is in part as follows: "Either party being dissatisfied with the judgment of the justice of the peace, and upon all confessions of judgment, provided the amount claimed in said suit is over $50, may, as a matter of right, enter an appeal from said judgment, within four days (exclusive of Sundays) after the rendition of such judgment, under the same rules, regulations, restrictions, and liabilities as are provided on the subject of appeals." Code, § 6-301. "When an appeal from the judgment of a justice of the peace has been entered, it shall be the duty of such justice of the peace to transmit the same to the clerk of the superior court of the county in which proceedings may have been had, at least 10 days before the next superior court of said county, to be there tried." Code, § 6-302. "The defendant, in cases appealed from the justice's court to the superior court, shall reduce his defenses to writing before the case proceeds to trial in the superior court, provided he relies upon any plea or defense other than the general issue." Code, § 6-303. It might be well to note

in connection with this section last quoted that the Supreme Court, with reference to the procedure in condemnation proceedings, has said that "the defendant in such proceedings may file an appropriate legal defense thereto." *Central of Georgia Power Company* v. *Cornwell,* supra.

An appeal from an inferior to a superior court for another trial as a de novo investigation was unknown to the common law. Such an appeal as the one here is of statutory origin and the mode of procedure is prescribed by statute. The Supreme Court, in comparing the appeals from a court of ordinary (a court of record) with one from a justice's court (which is not a court of record) to the superior court, said: "It will be seen from a comparison of these Code sections, which are in pari materia, that substantially the same procedure is provided *in all cases* where an appeal is allowed to the superior court." (Italics ours.) *Robinson* v. *McAlpin,* 130 *Ga.* 489, 490 (61 S. E. 115). In an appeal from an inferior court, or assessors in a condemnation proceeding, to the superior court, the law contemplates that if judgment is obtained in the superior court the prevailing party is entitled to a superior-court execution and the aid of all the processes of the superior court to enforce its judgment. A dismissal of the entire case or proceedings with the consent of the court might be permissible under some circumstances, for this would be a final termination of the entire case or proceedings, but we do not think the appellant can, at will and without the consent of the adverse party, certify the case back to the inferior court, or to the assessors, and relegate the adverse party to the processes of the inferior court. Such would be the effect of allowing the appellant to withdraw his appeal without the consent of the adverse party contrary to the provisions of Code, § 6-503. See also *City of Macon* v. *Ries,* 179 *Ga.* 320, 325, 326 (176 S. E. 21), where the *Robinson* case, supra, was quoted in comparing an appeal from a justice's court with an appeal from the hearing of a board of city tax assessors.

It is also to be noticed that "an appeal shall suspend but not vacate the judgment" (Code, § 6-502), and apparently following this Code section, the Supreme Court held that the condemnor "could have entered an appeal [from the award of the assessors in a condemnation proceeding] under the provisions of the statute and could then have had a de novo investigation [in the superior

court] as to the value of the property, the damages to be paid, etc.; and the award of the assessors would have been suspended until the final disposition of the cause." *Central of Georgia Railway Co. v. Thomas,* 167 *Ga.* 110, 112 (144 S. E. 739); *Thomas* v. *Central of Georgia Ry. Co.,* 169 *Ga.* 269 (149 S. E. 884).

Therefore, it follows by analogous reasoning with the cases of *Central of Georgia Power Co.* v. *Cornwell,* supra, and *Central of Georgia Railway Co.* v. *Thomas,* supra, and by comparing the aforementioned Code sections, which are in pari materia, that substantially the same procedure is provided in cases of appeal from an award of assessors in a condemnation proceeding to the superior court as is provided in cases of appeal from a justice's court to the superior court, and we are of the opinion that Code, § 6-503, which prohibits dismissals of appeals but by the consent of the opposite party, applies to the instant case. The judge of the superior court did not err in refusing to allow the State Highway Board to dismiss its appeal.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*