32336.   CITY OF GRIFFIN *v.* SOUTHEASTERN TEXTILE COMPANY.

DECIDED JUNE 10, 1949.

*Hall & Bloch, Beck, Goodrich & Beck, Denmark Groover Jr.,* for plaintiff in error.

*Cumming, Cumming & Cumming,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Parts of special grounds 5 and 6 of the amended motion for a new trial contend: that the trial court erred in charging the jury substantially and to the effect that the investigation of the issues in the instant case is a de novo investigation; that the jury is not bound by anything the city tax assessors or city commissioners did; that it is the duty of the jury to pass upon the right and wrong of the transaction, and in doing so it is not bound by the former act of either the tax assessors or the city commissioners; that the jury will make up its verdict solely from the evidence and the law as given in charge by the court; and that the jury is empowered from this evidence and the law to raise the assessment or to lower it. This is alleged to be error because the plaintiff contends that the assessment placed upon the defendant's property by the official tax assessors of the city and approved by the board of city commissioners was prima facie correct and should have been accepted as correct by the jury, unless it found that the property had been assessed for more than its fair market value or that there had been an intentional violation of the principle of practical uniformity in assessing the same.

The provision of the charter of the City of Griffin followed by the defendant in appealing from the decision of the assessors in the first instance and from the board of commissioners in the second, is embodied in Ga. L., 1921, p. 971, section 28, and provides as follows: "Taxation. Assessors of Real Estate. The Board of Commissioners shall have the power to appoint assessors of all real estate subject to taxation within said city, not exceeding three in number, who shall be free-holders therein, and who shall under oath impartially execute the duties of their office and, as required by ordinance, proceed to assess as subject to taxation all real estate within the limits of said city, not exempt under the laws of said State, and place upon the same the fair market value thereof, and report the same to the City Manager immediately upon such assessment being completed and compiled, and said City Manager shall give public notice of the filing of such assessment in his office in such manner as may be prescribed by ordinance. In case of disagreement between the taxpayer, his agent or attorney, and said assessors as to the value of any property thus assessed, there may be an appeal to the next meeting of the Board of Commissioners either by written or verbal notice served on the City Manager, and the decision in the matter by the Board of Commissioners may be reviewed by the Superior Court of Spalding County by appeal, if filed within four days after the rendition of judgment by the Board of Commissioners. Such appeal shall be disposed of in the Superior Court as other appeal cases."

It is to be noted that the last sentence of the foregoing section of the charter of the City of Griffin provides that "Such appeal shall be disposed of in the superior court as other appeal cases." Code § 6-501 provides as follows: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." Manifestly the General Assembly, in providing that the appeal referred to in Ga. L., 1921, section 28, p. 971, was to be disposed of in the superior court as other appeal cases, intended this disposition to be in accordance with Code § 6-501, hereinbefore quoted. Under such a de novo investigation the

excerpts from the charge complained of are without error. See *City of Macon* v. *Ries*, 179 *Ga.* 320 (supra).

■ Special ground one contends that the trial court erred in charging the jury as follows: "This is an appeal by the Southeastern Textile Company against the City of Griffin on a tax assessment. There are no pleadings that mean anything to you in this case, because it is just a short form of an appeal."

Ground 4 of the amended motion for a new trial contends that the trial court erred in admitting over objection of counsel for the plaintiff the evidence of assessments of various taxpayers other than the defendant.

The appeal from the assessors to the board of commissioners, which is treated as a part of the pleadings, contains a statement as follows: "As a further basis for our request for review and reduction in our assessment, we quote just a few comparative assessments for your information and comparison:

BUILDING ONLY

| | |
|---|---|
| Southeastern Textile Co., 222 E. Solomon St. | $37,380.00 |
| City Wholesale Co., W. Broad St. | 30,730.00 |
| Crossfield Ice Co., W. Solomon St. | 35,900.00 |
| Dovedown Hosiery Mill, W. Solomon St. | 34,460.00 |
| Griffin Knitting Mill, E. Broadway | 27,130.00 |
| W. F. Johnson, W. Broad St. | 42,300.00 |
| Griffin Laundry Bldg., E. Solomon St. | 25,330.00 |
| United Cotton Goods Co., E. Broadway | 15,100.00 |

"We fully realize that a new appraisal of all real property was made as a basis of 1948 assessments. We also are aware that the tax rate was reduced from that of the taxable year 1947."

It is therefore contended by the plaintiff that the excerpt from the charge complained of in special ground 1 was harmful error, because the pleadings, a part of which are herein set forth, did exist and would have meant something to the jury because the issues to be decided by them were confined to the issues raised by the defendant before the board of commissioners by the appeal which constitutes a part of the pleadings.

It is also contended by special ground 4 that the admission in evidence of assessments of other taxpayers not listed among the taxpayers shown in the foregoing excerpt from the appeal is error, because said evidence is not germane to any issue raised by the pleadings and is not authorized by them.

■ As to ground 1, the trial judge stated fully and accurately elsewhere in his charge the law applicable to the issues involved. In *Bray* v. *C. I. T. Corp.*, 51 *Ga. App.* 196 (3) (supra), it is held: " 'Where the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial.' *Central of Ga. Ry. Co.* v. *McKinney*, 118 *Ga.* 535 (45 S. E. 430) ; *Smith* v. *Bibb Mfg. Co.* 112 *Ga.* 680 (37 S. E. 861) ; *Savannah Elec. Co.* v. *Jackson*, 132 *Ga.* 559, 562 (64 S. E. 680) ; *Ga. & Fla. Ry. Co.* v. *Tapley*, 144 *Ga.* 453 (87 S. E. 473, L. R. A. 1916 C. 1020) ; *Ga. Southern & Fla. Ry. Co.* v. *Stanley*, 1 *Ga. App.* 487 (57 S. E. 1042) ; *Charleston Ry. Co.* v. *Duckworth*, 7 *Ga. App.* 352 (66 S. E. 1018) ; *Southern Ry. Co.* v. *Ray*, 28 *Ga. App.* 792 (113 S. E. 590). If the defendant desired more explicit instructions with reference to his contentions, he should have submitted to the court a timely written request therefor."

■ The main issue for the determination of the jury in this case was the value of the defendant's property for the purpose of taxation by the plaintiff. The appeal of the defendant from the assessors to the commissioners showed several taxpayers and the valuation of their property for tax purposes by the defendant, by way of comparison, which was pleaded by the defendant in an effort to show that the assessment of its property was too high. However, the value of the property is always a matter of opinion. It is entirely proper, in an effort to reach an opinion, to compare any property in a particular locality with other similar property. It is not necessary for a litigant to plead his evidence. The defendant was not required to set forth in the pleadings all the property which may be compared with the property in question. In *Globe & Rutgers Fire Ins. Co.* v. *Jewell-Loudermilk Co.*, 36 *Ga. App.* 538 (5) (137 S. E. 286), it is held as follows: "Where a witness testifies as to his familiarity with the value of property of the kind destroyed, his estimate of the value of the property destroyed is relevant and admissible." The admissibility of evidence as to market value of land is legally within the discretion of the court, and its weight is for the jury.

See *Central Ga. Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880). In order to inform the jury as to the tax values of other property similarly situated with that of the defendant, it was not error here for the trial judge to admit in evidence the descriptions and valuations for tax purposes of other property in the City of Griffin which was not set forth in the pleadings.

■ Special grounds 2, 3, 9, 10, and part of special ground 6 contend that the trial court erred in charging the jury substantially that the right of the defendant to obtain a verdict of the jury reducing the assessment as fixed by the assessors and concurred in by the commissioners of the plaintiff depended upon its proof that the assessment thus fixed amounted to a discrimination against the defendant; it being contended by the plaintiff that the only question which the jury were authorized to pass upon here was whether or not the property had been assessed at its fair market value or at a sum greater than its fair market value. It is contended that how the property of other taxpayers of the City of Griffin was assessed is immaterial to the issues here so long as the property of the defendant was not assessed in such a manner that the discrimination amounted to an intentional violation of the principle of practical uniformity. It is further contended that the issue of discrimination can only be raised in an equitable proceeding, and that such issue was not proper in the instant case, even had the same been such that it amounted to an intentional violation of the essential principles of practical uniformity, since this is a proceeding at law and not in equity.

In this connection, the plaintiff also contends in special ground 7 that the trial court erred in failing to give in charge a request as follows: "I charge you that a taxpayer cannot object to a legal assessment for his own taxes merely by proving that another taxpayer has been assessed for less than he ought to be under a proper administration of the law. There must be something more—something which in effect amounts to an intentional violation of the essential principle of practical uniformity." And special ground 8 contends that the court also erred in refusing to give in charge a request as follows: "Mere errors of judgment, if you find that there were any errors of judgment, do not sup-

port a claim of discrimination, and to establish an unlawful discrimination it is not enough to show that the tax officials have merely made a mistake. But there must be a clear and affirmative showing that the difference was an intentional discrimination, and one adopted as a practice." In addition to section 28 of the city charter, hereinbefore quoted—which provides for the appeal of a dissatisfied taxpayer who feels that the assessment is too high—section 119 of the Code of the City of Griffin, which is in evidence and a part of the record in this case, in dealing with the duty of the assessors, provides in part as follows: "that they will well and truly and to the best of their knowledge and judgment, fairly and impartially assess and value all the real property subject to be taxed within the corporate limits of the City of Griffin according to the fair market value thereof, and that they will make correct returns of all such property, together with the names of the owner thereof, to the city manager."

The evidence here authorizes a finding that the assessors first sought to determine the fair market value of the property of the taxpayer and then assess the same at 50% thereof, this percentage being deemed to be the actual value of real property prior to present inflationary values and as of the year 1941. It is clearly the duty of the assessors to determine the fair market value of the property of all the taxpayers in the City of Griffin and then to assess the same uniformly, that is, fairly and impartially in accordance with their oaths. Then, according to section 28 of the charter of the city, if any taxpayer is dissatisfied, he may appeal to the city commissioners. If he is still dissatisfied, an appeal may be had to the superior court, which appeal is to be tried there as other appeals, that is, de novo. The trial in the superior court being de novo, the taxpayer may there complain about any conduct on the part of the assessors of which complaint could have been made on appeal from them to the commissioners. In this connection, it is clear to us that, had the assessors assessed the property of a taxpayer for 100% of the fair market value of the property of such taxpayer, and assessed the property of all other taxpayers in the city at, 50% of the fair market value of their property, the taxpayer thus discriminated against, whether intentionally or otherwise, would have just cause for complaint on appeal from the assessors to the city commissioners. If so,

on a de novo investigation in the superior court the same issue may be made. In other words, on such de novo investigation in the superior court, any issue may be made that could have been made before the original tribunal. In 61 Corpus Juris, Taxation, 833, § 1051, it is said: "On a hearing de novo it is not to be presumed that the valuation fixed by an inferior board on review is correct." And again on page 885, § 1117, as follows: "Specific statutes providing for a trial de novo do not contemplate a mere affirmance or reversal of the whole assessment, as under common-law certiorari. Under statutes so providing, in a proper case, the court may correct the assessment by revising it on the ground of inequality in the assessment of other property on the same roll, by the same officer. Where the question of valuation is raised and the matter is in doubt, the function of the court is to determine de novo the value of the property."

It is well settled in this State that, where there is no remedy at law, equity will relieve a taxpayer against discrimination where there appears to be an intentional and systematical assessment of the property of such taxpayer at a valuation substantially higher than that of other and similar property. See *Montgomery* v. *Suttles*, 191 *Ga.* 781 (13 S. E. 2d, 781). See also *Northwestern Mutual Life Ins. Co.* v. *Suttles*, 201 *Ga.* 84 (38 S. E. 2d, 786). Here however, a remedy at law is fixed by statute. It is fixed by section 28 of the charter of the City of Griffin, providing for an appeal to the superior court. This appeal is to be disposed of in the superior court, according to said statute, as other appeals. Other appeals to the superior court, as provided in Code § 6-501, are tried de novo. See *State Highway Board* v. *Long*, 61 *Ga. App.* 173 (6 S. E. 2d, 130).

It follows that the instant case when heard by the superior court was a de novo investigation. Being de novo, any questions that could have been raised before the tribunal first trying the case could be raised in the superior court. Discrimination, whether intentional or otherwise, could have been raised and actually was raised (as disclosed by the pleadings) in the first instance. Discrimination, therefore, was a proper issue on the trial of the case in the superior court.

Accordingly, the trial court did not err in charging the jury in substance that, before the defendant would be entitled to a

verdict reducing the assessment, the evidence must show a discrimination against it; nor did the court err in refusing to charge the jury the requests contained in special grounds 7 and 8, to the effect that the jury would be unauthorized to reduce the assessment unless the evidence shows an intentional violation of the essential principles of practical uniformity, not accomplished by mere errors of judgment or by evidence that the tax official only made a mistake.

All these assignments of error are without merit.

■ Construing the evidence in its light most favorable to support the verdict, the jury was authorized to find that the Commissioners of the City of Griffin had employed the firm of Cole, Layer and Trumble, a firm of engineering specialists engaged in the business of appraising property, to make a survey of all the real property in the City of Griffin and submit a report of the estimated values thereof; that, based on this report and other information independent of it, the assessors sought to assess uniformly the property throughout the city, which was done by determining its fair market value as of the year 1941, which was prior to present inflationary values and was considered to be about 50% of the present value; that, when the property of the city was thus assessed, the rate of taxation could be and was reduced about 50%; that the property of the defendant was out of proportion to other property of the city assessed on this basis when it was assessed at the value of $43,500; and that an assessment of $33,500 on the basis of assessments herein outlined would represent the fair market value of the property of the defendant.

It follows that the verdict of the jury reducing the assessment of the assessors from $43,500 to $33,500 was therefore supported by evidence; and this verdict, having the approval of the trial court, will not be disturbed by this court.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*