## 37235. STATE HIGHWAY DEPARTMENT v. BLALOCK.

CARLISLE, Judge. 1. This court is cognizant of the application of the rule of stare decisis in that a later decision of the Supreme Court rendered by less than a full bench is not a binding precedent when in conflict with a prior full bench decision rendered by that court. Code § 6-1611. Nevertheless, where the Supreme Court, in the later case involving the identical point of law as involved in a case now before this court, in a decision reviewing prior authorities, either dis-

tinguished such authorities or expressly held that contrary rulings therein were obiter dictum, this court is bound by the ruling of the Supreme Court in the later case interpreting and construing such older authorities (*Weaver* v. *Carter*, 101 *Ga.* 206, 209, 28 S .E. 869), even though such interpretation and construction was made in a decision concurred in by less than a full bench, and this court cannot in a case involving the exact point of law decided in the aforesaid later Supreme Court decision do aught but follow said decision in ruling on the case now before it involving the same proposition of law. Accordingly, where in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (3) (103 S. E. 2d 108), the Supreme Court in a decision concurred in by four justices and from which three justices dissented held that, "tender to the condemnees of the assessors' award of compensation for the property sought to be condemned, or payment of it into the registry of the court on their refusal to accept it, was a condition precedent to the condemnor's right to file and prosecute an appeal to a jury in the superior court," and in so holding, extensively reviewed authorities relied on in support of the contrary view and concluded in that opinion that such authorities did not authorize such a contrary view, either distinguishing the rulings in the older cases or holding that statements to the contrary therein were obiter dictum, such ruling is binding on this court in the instant case where the right of the State Highway Department to prosecute an appeal to the jury in the superior court was questioned by the condemnee on the ground that the condemnor had not paid to the condemnee or tendered into court the amount of the award of the assessors. This presented the exact question as considered and passed on by the Supreme Court in the *Woodside* case, supra, for decision by the trial judge, and this ruling following the *Woodside* case must be affirmed.

2. The original condemnation proceeding in this case was clearly instituted under the provisions of Chapter 36-11 of the Code. One of the assignments of error is to the order of the trial court permitting the condemnee to dismiss her appeal, and counsel for parties at interest not parties to the record, in a well prepared and well reasoned brief amicus curiae, argues and contends that the provisions of Code § 6-503, requiring the consent of the opposite party before an appeal may be dismissed, are not applicable to appeals in condemnation

632

proceedings instituted under Chapter 36-11. All of this argument, however, is refuted by the ruling in *State Highway Board* v. *Long*, 61 *Ga. App.* 173 (6 S. E. 2d 130). It is true that the headnote of that case indicates that the condemnation there was under the provisions of Code § 36-301 et seq., and that certain language in the body of the opinion would seem to bear out that statement, but we have examined the original record in that case and it shows without any question that it was a condemnation under the procedure provided in chapter 36-11 of the Code. Accordingly, the ruling in that case is a binding precedent which requires this court under the principles of stare decisis to hold that in this proceeding the condemnee could not dismiss her appeal without the consent of the condemnor and that the trial court erred in entering the order permitting the condemnee to do so.

*Judgment affirmed in part and reversed in part. Gardner, P. J., Townsend, Quillian and Nichols, JJ., concur. Felton, C. J., dissents.*

DECIDED OCTOBER 14, 1958—REHEARING DENIED NOVEMBER 13, 1958.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin, John E. Hogg, Deputy Assistant Attorneys-General, Harold Banke,* for plaintiff in error.

*Allen Post,* contra.

*Bob Reinhardt,* for parties at interest not parties to record.

FELTON, Chief Judge, dissenting. I dissent from division 1 of the opinion for the reasons stated in my dissent in *State Highway Department* v. *Wilson*, ante.