*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Henry T. Brice,* for plaintiff in error.

*Eberhardt, Franklin, Barham & Coleman, O. W. Franklin, Jr., Copeland & Smith, J. Lundie Smith,* contra.

37384.  STATE HIGHWAY DEPARTMENT *v.* RAINES *et al.*

GARDNER, Presiding Judge.  This case involves practically the same facts and the same principles of law as are shown in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108). and *State Highway Dept.* v. *Blalock*, 98 *Ga. App.* 630 (106 S. E. 2d 552).  It follows that the decisions rendered in those cases are controlling in the instant case.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 2, 1959.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, John L. Jernigan, Deputy Assistant Attorney-General, John R. Rogers,* for plaintiff in error.

*James H. Pate, Reinhardt & Ireland, Bob Reinhardt,* contra.

37390.  STATE HIGHWAY DEPARTMENT *v.* HOLLAND.

GARDNER, Presiding Judge.  This case involves practically the same facts and the same principles of law as are shown in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108) and *State Highway Dept.* v. *Blalock*, 98 *Ga. App.* 630 (106 S. E. 2d 552).  It follows that the decisions rendered in those cases are controlling in the instant case.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 2, 1959.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, John L. Jernigan, Deputy Assistant Attorney-General, John R. Rogers,* for plaintiff in error.

*James H. Pate, Reinhardt & Ireland, Bob Reinhardt,* contra.

37450. SAMPLES *v.* LIBERTY MUTUAL INSURANCE COMPANY *et al.*

QUILLIAN, Judge. 1. It has long been axiomatic that for an accidental injury to be compensable under the terms of the Workmen's Compensation Act, it is encumbent upon the injured employee, where his claim for compensation is controverted by the employer, to establish that the accidental injury sustained "arose out of and in the course of his employment," and

2. The terms "arose out of" and "in the course of" the employment are not synonymous. Both must concur, and this concurrence must be established by adequate proof, to render the injury compensable. *Francis* v. *Liberty Mutual Ins. Co.,* 95 *Ga. App.* 225, 226 (97 S. E. 2d 553); *Weathers* v. *Jones,* 94 *Ga. App.* 50 (93 S. E. 2d 390); *Ladson Motor Co.* v. *Croft,* 212 *Ga.* 275 (92 S. E. 2d 103).

3. It is likewise axiomatic that where there is any evidence to sustain the findings of fact by a deputy director, a director, or the Workmen's Compensation Board, such findings and the award based thereon will not be disturbed by the courts. *Davis* v. *American Mutual Liability Ins. Co.,* 89 *Ga. App.* 57, 59 (78 S. E. 2d 557), and cit.; *Delta C. & S. Airlines* v. *Perry,* 94 *Ga. App.* 107 (93 S. E. 2d 771); *Smith* v. *United States Fidelity &c. Co.,* 94 *Ga. App.* 507 (95 S. E. 2d 35).

4. Under an application of the foregoing principles of law to the evidence adduced upon the hearing and the finding of fact made by the deputy director, the superior court did not err in affirming the award denying compensation on the ground that the accidental injury sustained by the claimant did not arise in the course of his employment.

5. From the evidence the deputy director was authorized to find that: the claimant had been in the general employ of A. C. Miller & Company intermittently since 1945; at the time he was injured on Tuesday, November 26, 1957, he had been