37378. STATE HIGHWAY DEPARTMENT *v.* HAYNIE *et al.*

GARDNER, Presiding Judge. This case involves practically the same facts and the same principles of law as are shown in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108) and *State Highway Dept.* v. *Blalock*, 98 *Ga. App.* 630 (106 S. E. 2d 552). It follows that the decisions rendered in those cases are controlling in the instant case.

However, it will be noted that in the instant case, as in the *Blalock* case, the condemnee also dismissed the case. Under the authority of the *Blalock* case, this court is required, under the principles of stare decisis, to hold that in this proceeding the condemnee could not dismiss her appeal without the consent of the condemnor and that the trial court erred in entering the order permitting the condemnee to do so.

We are asked to pass on a motion to dismiss the writ of error filed by the defendants in error. The bill of exceptions recites: "Be it further remembered, that on July 18, 1958, the court passed an order dismissing the appeal of the State Highway Department of Georgia, and on July 25, 1958, allowed the condemnees to dismiss their appeal without the approval of

the condemnor. The said orders and judgments of July 18, 1958, sustained the motion to dismiss the appeal, and the orders and judgments allowing the condemnees to dismiss their appeal, the State Highway Department of Georgia, then excepted and now accepts and assigns the same error and as being contrary to law, and says further that said orders and judgments illegally and prematurely terminated said case erroneously deprived the State Highway Department of Georgia of its right to a trial in Richmond Superior Court before a jury of its appeal from the award of assessors." It is our opinion that the bill of exceptions is specific and does not come within that class of cases where the writ of error was dismissed because the bill of exceptions recited only that the assignment was "contrary to law". In *Patterson* v. *Beck*, 133 *Ga.* 701, et seq. (66 S. E. 911) Judge Lumpkin went thoroughly into the matter of dismissal of a bill of exceptions based on a motion to dismiss, and under the ruling there and in other cases which we could cite, it is clear that the instant case is not subject to dismissal for the reasons set forth in the motion to dismiss.

*Judgment affirmed in part and reversed in part. Townsend, J., concurs. Carlisle, J., concurs specially.*

DECIDED FEBRUARY 2, 1959—REHEARING DENIED
FEBRUARY 25, 1959.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, John L. Jernigan, Deputy Assistant Attorney-General, Franklin H. Pierce,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* contra.

CARLISLE, Judge, concurring specially. I concur in the judgment affirming the dismissal of the condemnor's appeal and reversing the dismissal of the condemnee's appeal under the authority of *State Highway Dept.* v. *Blalock,* 98 *Ga. App.* 630 (106 S. E. 2d 552). I also concur in the judgment denying the motion to dismiss the writ of error. The motion was based on the contention that there was not a sufficient assignment of error contained in the bill of exceptions and that the assignment was too vague and general to raise any question for consideration by this court. It is true, as held in *Scott* v. *Weinberg,* 97 *Ga.*

*App.* 27 (102 S. E. 2d 56), and like cases relied upon by the defendant in error, that where the judgment excepted to is one on both the law and the facts rendered by the trial judge sitting without a jury, a mere assignment that it is contrary to law is insufficient. However, as pointed out in *Patterson* v. *Beck*, 133 *Ga.* 701, 703 (66 S. E. 911), there is a distinction between those judgments entered by the trial judge embodying a decision on both questions of law and of fact, and in those judgments entered by the trial judge which are clearly merely judgments on questions of law. I think that the instant case clearly falls in the latter category. Two judgments were assigned as error in the bill of exceptions in this case. The first judgment excepted to merely sustained the motion of the condemnee to dismiss the appeal of the condemnor. Such a motion, like a general demurrer, enabled the appellee to raise any question he could as to why the appeal was insufficient in law, and the exception to the judgment on that motion that it was contrary to law was sufficient. *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181, 184 (52 S. E. 439). The final decree entered in this case recited that after considerations by the court of the stipulation of the parties and of the entries of filing shown by the record and of an admission by the State Highway Department that it had taken possession of the property; and, that it appearing to the court that the Highway Department had no further use for the processes of the court, and that no judgment could affect its rights to the land, and that to permit the State Highway Department to force the condemnees to try the issue of the value of the property before a jury, would, in effect, be permitting the condemnor to prosecute its appeal contrary to the decision of the Supreme Court in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108), the motion of the condemnees that their appeal be dismissed was granted. This order merely recites admitted facts, does not purport to find any fact, and is merely a judgment permitting the voluntary dismissal of the condemnee's appeal. The bill of exceptions assigns error on this judgment and on the earlier judgment as being contrary to law in that they illegally and prematurely terminated the case and erroneously deprived the State Highway Department of Georgia of its right to a trial

before a jury. What more could the plaintiff in error have said about this judgment? As was said in the *Patterson* case, "It is distinctly shown that there was no controversy about facts; that only one question of law was submitted to the court; that the court decided it adversely to the contention of the plaintiff in error, and entered a judgment against him; and that the latter excepted and assigned this as error. Good practice requires no more. Nothing more could well be said, except that the ruling as to this question of law was error because it was wrong. The law requires no such repetition." (133 *Ga.* 707). The rule requiring that the bill of exceptions shall plainly and specifically set forth the decision complained of and specifically assign error thereon was made for a substantial purpose and not as a mere technical pitfall to catch the unwary. (133 *Ga.* 704).

The bill of exceptions recites the facts in this case and assigns error on the final judgment. The writ of error was not subject to dismissal, and for these reasons, I concur in the judgment so ruling.