37641. JENKS *v.* LIEPMAN CONTRACTING COMPANY.

DECIDED JULY 9, 1959.

*McCurdy, Candler & Harris, J. Robin Harris,* for plaintiff in error.

*Augustine Sams, Grigsby H. Wotton,* contra.

QUILLIAN, Judge. ■ In special ground 1 the defendant assigns error on the following excerpt from the court's charge to the jury: "I charge you that if one engages another to do work, even if it is to be done on the land of another, the party engaging the work, if you find it has been done or performed, is, in law, liable for the agreed consideration or compensation to the one engaged to do the work." In this ground the defendant avers' that the excerpt from the charge is erroneous as an abstract principle of law and excluded from the jury's consideration a valid defense set up by the defendant whereby he set up and offered to prove that he was at all times acting as agent for a disclosed principal and was, therefore, not personally liable for any of the alleged indebtedness to the plaintiff.

In the special ground 2 error is assigned on the trial court's failure to instruct the jury as follows: "I charge you that an agent who, acting within the scope of his authority, enters into contractual relations for a principal whom he discloses, does not bind himself, in the absence of an express agreement to do so. I further charge you that where an agent contracts in his own name, but his principal is known, the question as to whether the principal or the agent individually is bound is one of fact for you to determine from the evidence presented."

The trial court, in the case, presented first the issues raised by the plaintiff's pleadings and then those raised by the defendant's pleadings. The charge in this case, viewed as a whole, fully, fairly, and lucidly stated the principles of law applicable to the issues involved. A charge is not erroneous or harmful because the trial court does not in one breath or paragraph cover every issue in the case. The court must necessarily proceed individually with the issues and law involved in a case and cover them seriatim. This, we think, the trial court did in the present case. See *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *City of Griffin* v. *S. E. Textile Co.,* 79 *Ga. App.* 420 (53 S. E. 2d 921), and citations.

"A contract may be supported by adequate consideration as

against a promisor under it who never receives any part of the consideration. This is horn-book law—the most elementary." *Ashburn v. Watson*, 8 *Ga. App.* 566, 569 (70 S. E. 19). The excerpt from the charge of which complaint is made in special ground 1 is not erroneous as an abstract principle of law, and this being so, our investigation of this ground must end there. *Anderson v. Southern Ry. Co.*, 107 *Ga.* 500 (4) (33 S. E. 644).

If the defendant had wished a charge on the point covered by the proposed charge in special ground 2, he should have requested it. See *Central of Ga. Ry. Co. v. McKinney*, supra.

The trial court did not err in its charge to the jury for any reason assigned in the motion for new trial.

Even the most cursory examination of the evidence indicates that the jury was authorized to find either for the plaintiff or the defendant, and it having resolved that question in favor of the plaintiff, this court is without power to overturn the jury's decision on the issue. The suit was on open account, and the account was introduced in evidence without objection, and the evidence authorized the verdict.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. As I interpret the court's charge it did not contain the principle of undisclosed and disclosed principal, but I cannot tell from ground 2 whether the evidence required the charge or not.