## 45134. STATE HIGHWAY DEPARTMENT v. THOMAS.

WHITMAN, Judge. 1. This case arises out of a condemnation action proceeding under the "quick-taking" method for state-aid road purposes.

The appeal is by the condemnor from the "compensation judgment." Such judgment is required to be entered up in every case (*Code Ann.* § 36-1307; Ga. L. 1961, pp. 517, 525, as amended), and is a final judgment from which an appeal may be taken. *State Hwy. Dept. v. Kirchmeyer,* 114 Ga. App. 433 (152 SE2d 17). The motion to dismiss the appeal is without merit.

2. In this case the condemnee, after having filed an appeal to a jury on the issue of compensation, then moved the court to allow him to dismiss his appeal, stating that he did not desire to prosecute it any further. The court granted the motion and entered an order to that effect. The condemnor opposed the motion on the ground that it did not consent to dismissal; that on appeal to the jury neither party is bound by the estimated compensation in the declaration of taking and each is entitled to present evidence and have the jury make a determination. The order allowing dismissal is enumerated as error.

*Code* § 6-503 provides that: "No person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of the adverse party." This statute has no application to the "appeal to jury" provided for in quick-taking condemnation. This is for the reason that the condemnor, when proceeding under this method, makes its own ex parte estimate of what is just compensation for the land it takes, including consequential damages to land not taken, and pays the money into court. There is no apparent need or reason to afford review to the condemnor at this point. How can the condemnor be aggrieved by its own

ex parte, considered determinations? The legislature was aware of the unique position of the condemnor as evidenced by the fact that the right of jury appeal is given to the condemnee only. *Code Ann.* § 36-1310 (Ga. L. 1961, pp. 517, 528). Equitable remedies are available for mistakes.

The situation with quick-taking condemnation is not like that in the "three-assessor" or "special master" methods where either party may genuinely deem itself aggrieved by the decision of such third parties. In such case an appeal first entered by one party may be relied on by the other as the vehicle for review of its contentions. To allow one party to withdraw his appeal, after the time for appeal has passed, without the consent of his adversary might work to foreclose certain of the latter's rights. *State Hwy. Bd. v. Long,* 61 Ga. App. 173 (6 SE2d 130); *State Hwy. Dept. v. Blalock,* 98 Ga. App. 630 (2) (106 SE2d 552). But with regard to the present case, inasmuch as the quick-taking method of condemnation affords no jury appeal to the condemnor in the first instance, a withdrawal of an appeal by the condemnee forecloses the condemnor of nothing.

Furthermore, as observed in *State Hwy. Dept. v. Kirchmeyer,* supra, p. 436, "[t]he filing of the appeal is somewhat analogous to the filing of an answer in an ordinary action." It is simply a means to contest the condemnor's allegation; it is the means which the quick-taking method utilizes to satisfy the condemnee's constitutional right to be heard on the issue of just and adequate compensation *if he so desires.* The procedure which the statute designates as an "appeal to jury" is not an "appeal" in the sense that such word is used in *Code* § 6-503. The condemnor can not complain if the condemnee decides not to take issue with the condemnor's allegations.

The trial court did not err in allowing the condemnee to dismiss his appeal or in entering up the final "compensation judgment" required by *Code Ann.* § 36-1307, supra.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1970—DECIDED JUNE 17, 1970—

REHEARING DENIED JULY 24, 1970—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, William B. Brown, Deputy Assistant Attorney General,* for appellant.

*Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff,* for appellee.