72695. SHEPPARD v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(351 SE2d 664)

CARLEY, Judge.

At issue in the instant appeal is the dismissal of an action filed by appellant-plaintiff in the State Court of Fulton County, alleging the failure of appellee-defendant insurer to make timely payment of a no-fault claim. The relevant facts are as follows: On July 10, 1984, appellant filed an action in the Magistrate Court of Camden County, alleging that "[a]ll of [her] medical bills which had been incurred to date were . . . forwarded to . . . , an agent for [appellee]" and that appellee had failed to make timely payment of the no-fault claims under her automobile insurance policy in violation of OCGA § 33-34-6 (b). After a hearing, the magistrate court entered judgment in favor of appellant in the amount of $2,500. Appellee then appealed to the Superior Court of Camden County for de novo review. That de novo proceeding is currently pending in the Superior Court of Camden County.

On July 31, 1985, appellant filed the instant suit in the State Court of Fulton County, based upon appellee's alleged failure to make timely payment of a no-fault claim for a specific $200 chiropractic bill. In response, appellee moved to dismiss, asserting that the Camden County action was a "prior pending" suit which abated the Fulton County action. See OCGA § 9-2-44. The State Court of Fulton County granted the motion and dismissed appellant's complaint. It is from that order that appellant brings the instant appeal.

Appellant urges that her Fulton County lawsuit was erroneously dismissed, since her pending Camden County action against appellee involves a separate cause of action. OCGA § 33-34-6 (b) does provide that no-fault "benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained" and the record in the instant case does indicate that the $200 chiropractic bill, which formed the basis for the Fulton

County lawsuit, was received by Georgia Farm Bureau on July 6, 1984, less than 30 days before appellant filed her lawsuit in Camden County. It is thus true that appellant's subsequent claim in Fulton County for penalty, attorney fees and punitive damages based upon the nonpayment of the $200 chiropractic bill could not have been included among the claims asserted when the complaint was *filed* in the original Camden County Magistrate Court proceeding because no such claim pursuant to OCGA § 33-34-6 (b) existed when that Camden County proceeding was instituted on July 10, 1984. See generally *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800, 801 (307 SE2d 698) (1983). While this is a true statement, it is not, however, dispositive of the only issue raised in this case, which is whether the claim involved here is *now* a part of the Camden County action so that the "pendency" of that proceeding abates and requires the dismissal of the Fulton County proceeding.

In this connection, it is undisputed that the $200 chiropractic bill was among those that appellant had "incurred to date" and had "forwarded to" appellee at the time the suit was filed in the Camden County Magistrate Court. It is also undisputed that the judgment of the Camden County Magistrate Court in favor of appellant was appealed by appellee to the superior court for de novo review. " 'The trial in the superior court (of statutory appeals) is had without reference to the evidence introduced in the former trial, and is a de novo investigation. When a case is on appeal, any amendment, whether in matter of form or substance may be made which could have been made while the case was in the primary court.' [Cit.]" *Wofford v. Vandiver*, 72 Ga. App. 623, 627 (34 SE2d 579) (1945). "[O]n such de novo investigation in the superior court, any issue may be made that could have been made before the original tribunal." *City of Griffin v. Southeastern Textile Co.*, 79 Ga. App. 420, 427 (53 SE2d 921) (1949). Interrogatories in the Camden County Superior Court proceeding clearly indicate that the chiropractic bill of $200 is, in fact, included within the "claim" of appellant and an issue in that proceeding. There appears to be no reason why appellant, having raised the issue of the late payment of the specific $200 claim in the superior court proceedings, could not have raised that issue in the Magistrate Court. In point of fact, it appears that appellant did raise the issue in that proceeding. The claim in the Magistrate Court of Camden County was tried on November 7, 1984, and judgment was entered on that date. Appellant's own evidence introduced before the magistrate on November 7, 1984, included the attending physician's report of Dr. Crocker referring to the "office visits previously submitted" which, as explained by a later answer to interrogatories filed in the de novo superior court proceedings, constitute the very claim that is the basis of appellant's Fulton County proceedings. At the time of this submittal

into evidence in the Magistrate Court of Camden County of the chiropractic bill, more than 60 days had elapsed from July 6, 1984, the date appellee received reasonable proof of the amount of loss sustained pursuant to OCGA § 33-34-6 (b). The Magistrate Court was authorized to consider all of the evidence that appellant herself chose to introduce in that proceeding as illustrative of her asserted cause of action for a recovery pursuant to OCGA § 33-34-6. It follows that because such evidence was introduced by appellant, and presumably considered by the court, the resulting judgment should be construed as having been based thereon. Even before adoption of our Civil Practice Act, "it was held that, where evidence goes to the [trior of fact] *without objection*, and it shows a right in the party offering it, the [trior of fact] may consider it although there were no allegations in the pleadings setting up the facts thus proved." (Emphasis supplied.) *Consolidated Realty Investments v. Gasque*, 203 Ga. 790, 800 (48 SE2d 510) (1948). Compare *Martin v. McLain*, 51 Ga. App. 336 (180 SE 510) (1935) (issue of plaintiff's right to recover under complaint seeking recovery for installments not yet due raised by defendant's special demurrer). Under the circumstances of the instant case, it appears that "the pleadings did not present the whole issue covered by the verdict and judgment [of the Magistrate Court], but there was no recovery upon a state of facts entirely different from those alleged in the declaration, and . . . the case *intended* to be stated was fully made out by the evidence without objection. . . . [T]he additional evidence merely supplemented [appellant's] main case as made, and did not make a case of an altogether different kind. . . ." (Emphasis in original.) *Central R. Co. v. Hubbard*, 86 Ga. 623, 629-630 (12 SE 1020) (1891).

Accordingly, regardless of whether the chiropractic bill which is the basis of the claim of appellant in the State Court of Fulton County was either an includable or an included issue in the Magistrate Court proceeding, it is now an included issue in the presently pending de novo action in the Superior Court of Camden County. Accordingly, the trial court in the instant case correctly dismissed the Fulton County proceedings.

*Judgment affirmed. Pope, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED NOVEMBER 20, 1986 —
REHEARING DENIED DECEMBER 12, 1986.

*David E. Tuszynski*, for appellant.
*Charles A. Wiley, Jr.*, for appellee.