[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13289

Non-Argument Calendar

_____

THE SOUTHERN ASSOCIATION OF COLLEGES
AND SCHOOLS COMMISSION ON COLLEGES, INC.,

Plaintiff-Appellant,

*versus*

BENNETT COLLEGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03060-VMC

———————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether an association policy that requires any member institution to pay litigation costs if it sues to challenge an accreditation decision and later "withdraws or loses its case" is triggered when the institution withdraws its membership, even if it won its case. The Southern Association of Colleges and Schools Commission on Colleges, Inc., argues that it does, and that by terminating its membership after suing the Association and prevailing, Bennett College triggered the fee-shifting provision. Bennett College argues, and the district court agreed, that the plain language means "withdraws" a lawsuit or "loses" a lawsuit, neither of which happened. We affirm the order dismissing the amended complaint for failure to state a claim for relief.

## I. BACKGROUND

The Association's litigation policy provides that "[a]ny institution which takes legal action against the [Association] regarding an accreditation decision and withdraws or loses its case is responsible for assuming all costs incurred by [the Association] while defending its position, including attorney fees."

In February 2019, Bennett College sued the Association regarding the removal of its accreditation. Bennett College alleged

22-13289                Opinion of the Court                3

that the Association violated due process by failing to follow its own rules and procedures during the decisionmaking process and by rendering a decision that was arbitrary, unreasonable, and unsupported by the record. The district court agreed that the Association's "Appeals Committee applied the wrong standard" and "thereby failed to follow [the Association's] own rules" by "usurp[ing] the role of the Board." *Bennett College v. Southern Ass'n of Colleges and Sch. Comm'n on Colleges, Inc.*, 474 F. Supp. 3d 1297, 1309-10 (N.D. Ga. 2020) ("*Bennett I*"). The district court ruled that, "[s]ince the Appeals Committee violated [the Association's] own rules, it thereby violated Bennett's due process rights." *Id.* at 1310. The district court granted summary judgment to Bennett College and directed the Appeals Committee to reconsider its decision. *Id.* at 1311.

In June 2021, the Association sued Bennett College in a Georgia court, and Bennett College removed the case to the district court. The amended complaint alleged that, after *Bennett I* concluded, the Appeals Committee scheduled a hearing for reconsideration. But, two days before the hearing, Bennett College withdrew its membership from the Association. One month later, the Association sent Bennett College an invoice for $1,053,044.46 for all costs that it incurred while defending *Bennett I*. The complaint alleged that, because Bennett College "withdrew its membership after initiating litigation against [the Association]" and did not pay the invoice, Bennett College breached their express contract, which was the litigation policy. The complaint also alleged breach

of an implied contract of membership and sought pre-judgment interest and litigation expenses.

Bennett College moved to dismiss because, even if the litigation policy constituted an agreement between them, the policy did not apply because Bennett neither withdrew nor lost its case, and the plain language of the provision was triggered only by those two events. The Association responded that the term "withdraws" was unconnected with the termination of a lawsuit and that it interpreted "withdraws" as meaning "withdrawal from membership" with the Association.

The district court granted the motion to dismiss and ruled that "the plain language of the litigation policy" required either a "voluntary dismissal" of a lawsuit or a "loss on the merits" of a lawsuit. The district court also reasoned that "withdraw" was used transitively to refer to the legal action that triggered the policy, which comported with the parties' clear intent to deter baseless challenges to accreditation decisions. And because Bennett College did not withdraw its lawsuit, and the Association did not contend that Bennett College lost the case, the district court ruled that the Association could not recover attorneys' fees and costs for *Bennett I*.

## II. STANDARD OF REVIEW

We review *de novo* a dismissal for failure to state a claim. *Anderson v. Wilco Life Ins. Co.*, 17 F.4th 1339, 1344 (11th Cir.

2021). We accept "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]." *Id.*

## III. DISCUSSION

Under Georgia law, which the parties agree applies, the "cardinal rule of [contract] construction is to ascertain the intention of the parties." *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019). If the contract language is unambiguous and capable of only one reasonable interpretation, a court is required to enforce the contract according to its clear terms. *City of Baldwin v. Woodard & Curran, Inc.*, 743 S.E.2d 381, 389 (Ga. 2013). If the contract is ambiguous, the court must apply the rules of construction to resolve the ambiguity, if possible. *Id.*

The district court correctly concluded that the Association failed to allege a breach of the litigation policy. The phrase "withdraws or loses its case" is unambiguous. The only reasonable interpretation is that "withdraws" refers to the lawsuit, not the institution's membership. Appearing in a section titled "Litigation: Institutional Obligations," the phrase contains the two transitive verbs "withdraws" and "loses" and only one object—"its case." Indeed, to reach the Association's interpretation, additional words are required for clarification, such as "withdraws *its membership* or loses its case." But "ambiguity is not to be created by lifting a clause or a portion of the contract out of context," or by making "hypercritical constructions," and the "natural, obvious meaning is to be preferred over any curious, hidden meaning." *Anderson*, 17 F.4th at 1346. And, under the Association's reading, it could recover legal

fees and costs from any member institution that withdraws its membership at any time and for any reason, so long as the institution previously sued the Association regarding an accreditation decision, even if the institution won its case and its decision to leave had nothing to do with the case. The Association's reading is an unreasonable interpretation.

The Association argues that "withdraw" could not have been intended to mean "dismiss" a case because "withdraw" is never used in the Federal Rules of Civil Procedure to describe the voluntary termination of a legal action, but we disagree. An ordinary legal meaning of the transitive verb "withdraw" is "to refrain from prosecuting or proceeding with (an action)." *Withdraw*, Black's Law Dictionary (11th ed. 2019). The rules of Georgia appellate courts, for example, use "withdraw" to mean dismiss a case. *See* O.C.G.A. § 5-3-7 (2020); *State Hwy. Bd. v. Long*, 6 S.E.2d 130, 131 (Ga. App. 1939).

## IV. CONCLUSION

We **AFFIRM** the dismissal of the Association's amended complaint.