## ADAMS *et al. v.* WILDER.

Without some evidence of the genuineness of an unsealed document offered in evidence as a plat and grant from the State, the exclusion of the evidence of a witness that "the wax and seal had been attached to said plat and grant, and was lost," was not erroneous.

April 17, 1893. Argued at the last term.

Before Judge FISH. Dooly superior court. March term, 1892.

On the trial of an ejectment case, the plaintiff tendered in evidence as part of his chain of title, " a plat and grant from the State," conveying the land in dispute. Defendant objected to the plat and grant, because they were torn or worn into many pieces and were unintelligible, and because there was no seal attached. They were badly mutilated, but might possibly have been intelligible by carefully putting the many pieces together. Plaintiff offered to prove by one Brooks, " that the wax and seal had been attached to said plat and grant, and was lost." The court held, upon these facts, that there should be proof of the existence of the original grant, by the production of a copy from the office of the secretary of state, before the testimony of the loss of the seal

was admissible. To this ruling the plaintiff excepted. The " plat and grant " having been ruled out, he closed his case, and the court granted a nonsuit.

HUDSON & BLALOCK, for plaintiff.

MARTIN & SMITH, by brief, for defendant.

BLECKLEY, Chief Justice.

The document tendered in evidence as a plat and grant from the State to Sanders was in ruins. It was a mass of fragments which may or may not have been intelligible had they been carefully put together. There was no proof of their genuineness, or that the instrument which might possibly have been reconstructed by a proper arrangement of the several fragments, was ever executed. The effort was to verify and authenticate the mass by showing " that the wax and seal had been attached to said plat and grant, and was lost." This evidence would have been admissible had there been proof by a certified copy from the secretary of state's office, where all grants are recorded and in which the record of all plats, as well as of the grants, is now pre served under the public laws of the State, showing by necessary inference that a genuine plat and grant had once existed. There can be no doubt that for this pur-pose such a copy would have been competent and appro-priate evidence. The very object of attaching the great seal of the State to a plat and grant is to authenticate their official execution by the proper officers. The gen-uineness of the seal itself is always determined by the court from inspection, and the seal being genuine it vouches for the genuineness of the document to which it is attached. But when the seal is not produced no inspection by the court can take place, and the mere testimony of a witness that the wax and seal had been attached to the document could be no substitute for inspection by the court as a means of inferring genuine-ness of the document. There can be no trial by inspec-

tion on a past inspection made by a witness. There must be a present inspection made directly by the court. In *Smalley* v. *McKilvain*, 14 *Ga.* 252, the absence of the seal was accounted for by parol evidence, but there was other evidence from which the genuineness of the document could be inferred.  *Judgment affirmed.*