## REPPARD *v.* WARREN.

1. Upon the trial of an issue involving the title to a lot of land, a certified copy, from the office of the secretary of State, of a plat and grant thereto, is admissible in evidence for the purpose of showing that the State had issued such an original plat and grant, this evidence being offered in order to lay the foundation for the introduction of parol evidence to prove that the great seal of the State had been attached to an unsealed document, also offered in evidence, as the genuine original plat and grant.

2. Such a copy plat and grant is not inadmissible, for the purpose above indicated, because it recites that the lot therein described contains 202½ acres, while the alleged original plat and grant states that the lot contains 490 acres, when it is plainly evident, from the terms and indicia of description employed in the two papers, that they refer to and indicate the same lot, and each locates it in a county where every lot granted by the State contains 490 acres, the variance as to the number of acres being manifestly the result of a clerical error.

(*a*) It would be better, however, to procure and offer in evidence an absolutely correct and accurate certified copy of the original plat and grant.

Argued October 25,—Decided November 30, 1897.

Ejectment, etc.    Before Judge Smith.    Irwin superior court. April term, 1897.

This was an action for the recovery of land in Irwin county and damages for cutting timber therefrom, the plaintiff claiming title under an alleged grant of the premises in dispute from the State to one Brisbane, and under a deed from Brisbane's administrator to the plaintiff.    At the trial the plaintiff offered in evidence what purported to be an original plat and grant of the premises from the State to Brisbane, and also what purported to be a certified copy of the alleged original.    The court refused to admit the same in evidence.    To this, and to the granting of a nonsuit, the plaintiff excepted.    The other facts are stated in the opinion.

*C. W. Fullwood* and *J. H. Martin*, for plaintiff.

Fish, J.    1. The plaintiff tendered in evidence a paper purporting to be an original plat and grant from the State, to the grantee therein named, to the lot of land in controversy.    The defendant objected to its introduction, upon the ground that the wax and seal were not attached thereto.    This objection, when made, was a good one; for this paper was not then ad-

missible in evidence, because the court could not tell, from an inspection of the paper, whether it was a genuine plat and grant or not, there being no authentication of its execution ˏby the proper officers of the State. A paper which, from its face, is apparently a regular plat and grant from the State, executed in behalf of the State by the proper officers, is identified or authenticated as such by the great seal of the State attached thereto. The great seal of the State, attached to the paper, vouches for its genuineness as a plat and grant issued by the State. When the paper is offered in evidence, the first thing to be determined is whether the seal attached to the instrument is really the great seal of the State or not. This is determined by the court from an inspection of the seal. If, after an inspection of the seal, the court determines that it is the great seal of the State, then the paper to which it is attached, purporting upon its face to be a regular plat and grant from the State, is admissible, as such, in evidence. Where there is no seal attached to the instrument, or where the wax is so mutilated as to render it impossible for the court to determine from inspection whether the seal is genuine or not, the paper is not admissible in evidence, because its execution by the proper officers of the State is not authenticated. If, however, in connection with the tender of the alleged plat and grant, the fact that such a plat and grant has been issued by the State is established by a certified copy plat and grant from the office of the secretary of State, which is introduced in evidence, and this is followed by testimony showing that the wax and seal had been attached to the paper tendered, but had been lost, destroyed or mutilated, the plat and grant is admissible in evidence. The introduction in evidence of such a certified copy lays the foundation for parol testimony to account for the absence of the wax and seal from the paper purporting to be the original plat and grant, because it proves that there is or was such an original in existence. When the objection was made to the introduction in evidence of the alleged plat and grant, the plaintiff tendered, in connection therewith, a certified copy plat and grant from the office of the secretary of State, to which the defendant objected "on the ground that the copy plat and grant

showed that the lot contained 202½ acres, whereas the original plat and grant showed that the lot contained 490 acres." The plaintiff then introduced one Clements, an ex-clerk of the superior court, who testified that he was well acquainted with the land lots in Irwin county, and had been for a number of years, that there were no 202½-acre lots in that county, but all the whole lots in the county contained 490 acres. J. H. Martin, the plaintiff's attorney, then stated in his place, and offered to be sworn to the statement if requested, that the wax and seal to the plat and grant were on it, all right, when it came into his possession, and had got broken in his possession. The bill of exceptions states that "the court refused to admit the original or copy plat and grant, and refused to permit both or either to be introduced." As already indicated above, the certified copy plat and grant was clearly admissible, not for the purpose of showing that title to the lot therein described had passed from the State into the person named therein as grantee, but for the purpose of showing that there was or had been a genuine plat and grant in existence, such as the one which the plaintiff sought to introduce in evidence. Proof sufficient to establish the fact that such a plat and grant had been issued by the State would have authorized the introduction of parol testimony to show that the great seal of the State had been attached to the plat and grant, and had been lost or destroyed; and if these facts had been satisfactorily proved, the plat and grant would have been admissible. See opinion of the court in *Adams* v. *Wilder*, 91 *Ga.* 562.

2. We do not think that the discrepancy between the plat and grant and the certified copy, as to the number of acres stated to be contained in the lot, was such a variance in the two papers as to render the certified copy inadmissible in evidence. The location of the lot by county and district, its number, the numbers of the lots by which it was bounded, and their respective positions relatively to it, the streams upon it, the date when it was surveyed, the parties who surveyed it, in the certified copy, were the same as those in the plat and grant, and it was evident that the lot described in each as being conveyed by the State was the same. The certified copy,

like the plat and grant, was made by filling in the blanks in a printed form with pen and ink, and it was in the printed part of the certified copy that the variance from the plat and grant as to the number of acres in the lot occurred. The printed form used by the secretary of State in making the certified copy stated that the grant was "in pursuance of an act of the General Assembly, passed the 15th of May, 1821, for making distribution of the land lately acquired from the Creek Nation of Indians, and forming the counties of Dooly, Houston, Monroe, Fayette and Henry in this State." When this act of the legislature was passed, Irwin county was in existence, and of course none of the land in that county was affected by it. The printed form which was filled out to make the plat and grant stated that the grant was "in pursuance of an act of the General Assembly of this State, passed on the 19th day of Dec., 1840," authorizing the granting of lots of land "in the counties of originally Early, Irwin, Appling, Hall, Habersham and Rabun in this State." No whole lots containing only 202½ acres were granted by the State in the county of Irwin, but the lots granted in that county each contained 490 acres; and this is a fact of which the court could and should have taken judicial cognizance. The parol testimony on this point was therefore unnecessary, if not incompetent. We think, therefore, it is apparent that in making out the certified copy plat and grant, a mere clerical error was committed in the office of the secretary of State, in filling out a printed form intended to be used for grants of land located in the counties mentioned in the act of 1821, instead of using the printed form for grants of lots in the counties included in the act of 1840. While this certified copy was admissible in evidence, it would be better in such a case to procure and offer in evidence an absolutely correct and accurate copy of the original plat and grant.

*Judgment reversed. All the Justices concurring.*