ROBINSON, guardian, *v.* McALPIN, ordinary.

When an appeal to the superior court is entered in the court of ordinary, it is the duty of the ordinary, in transmitting the appeal, to send to the clerk of the superior court the original pleadings in the case in which the appeal has been entered.

Argued January 9,—Decided April 14, 1908.

Petition for mandamus. Before Judge Cann. Chatham superior court. June 22, 1907.

*Saussy & Saussy,* for plaintiff.

*Henry McAlpin* and *R. R. Richards,* for defendant.

EVANS, P. J. This is a petition for mandamus, to compel the ordinary of Chatham county to transmit to the superior court of that county the original papers pertaining to a case in which an appeal to the superior court had been entered. The ordinary, in answer to the petition, averred that he had duly transmitted a certified transcript of the original papers, and denied that it was his duty, under the law, to transmit the originals. The court refused to make the mandamus absolute, and exception is taken to this judgment. So it will be seen that the only question presented for adjudication is whether our statute contemplates that when an appeal is taken from the court of ordinary to the superior court, the ordinary shall transmit to the superior court the original pleadings, or certified copies of them.

Appeals to the superior court lie in all cases tried in the justice's court, or in the county court, where the property or sum claimed is more than fifty dollars, and from any decision made by the court of ordinary, except an order appointing a temporary administrator. Civil Code, §§ 4453, 4454. An appeal from the court of ordinary is entered by the party desiring to appeal, or his attorney, paying the accrued costs and giving bond and security for future costs on appeal. Civil Code, § 4466. When the appeal has been entered in the court of ordinary it shall be the duty of the ordinary to transmit the same to the clerk of the superior court of the county in which such proceedings may have been had, at least ten days before the next superior court of said county, to be there tried as other appeals. Civil Code, § 4467. "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence is admis-

sible on the trial thereof, whether adduced on a former trial or
not; either party is entitled to be heard on the whole merits of the
case." Civil Code, §4469.

An appeal from an inferior court to a superior court for another
trial, as an original case, was unknown to the common law. Such
appeals are of statutory origin, and the practice and mode of pro-
cedure are prescribed by statute. Many of the States have pro-
vided for statutory appeals, but the different enactments are so
.dissimilar to ours that we are unable to derive any assistance from
outside cases in deciding the point raised in this record. It must
be determined upon a consideration of the various provisions in
our Civil Code relating to appeals. It will be seen from a com-
parison of these code sections, which are in pari materia, that sub-
stantially the same procedure is provided in all cases where an ap-
peal is allowed to the superior court. Where the appeal is entered
in a justice's court, or the court of ordinary, it is the duty of the
justice, or of the ordinary, "to transmit the same to the clerk of
the superior court." Of course, the thing to be transmitted is
not confined to the appeal bond, or the affidavit in forma pauperis
in lieu thereof, because the superior court is a court of record, and
no case is triable in that court without pleadings. The code does
not provide in terms that the original papers should accompany the
bond or pauper affidavit, but the mode of procedure and the prac-
tice on appeal imply that the case appealed is to be tried in the
appellate court on the original pleadings. In the first place it
may be noted that there is no hint in the code that a transcript of
the pleadings should be transmitted to the appellate court, and
where oral pleadings are allowed a transcript of them is impossible.
In a justice's court many defenses are allowed to be made by oral
plea, and on appeal to the superior court these defenses are re-
quired to be reduced to writing before the case proceeds to trial.
Civil Code, §4139. The statutory appeal providing for another
trial in the appellate court on the merits of the case is altogether
different from a writ of error on appeal for the correction of er-
rors in a trial eventuating in a judgment from which an appeal is
taken. In the latter proceeding the inquiry is into the correct-
ness of the judgment upon the pleading and evidence before the
trial court; the appellate court affirms or reverses in whole or in
part the judgment on review and certifies the result to the trial

court, where the final judgment is entered. That procedure has nothing in common with that of a statutory appeal. The statutory appeal allows to litigants in certain cases the right to another trial in the superior court, upon compliance with certain requisites. The trial in the superior court is had without reference to the evidence introduced in the former trial, and is a de novo investigation. When a case is on appeal, any amendment, whether in matter of form or substance, may be made which could have been made while the case was in the primary court. *Reynolds* v. *Neal,* 91 *Ga.* 614 (18 S. E. 530). If certified copies of the pleadings were sent up, and the originals retained in the primary court, and amendments were allowed on the appeal, we would have the anomaly of a part of the original papers being in one court and part in another. Again, under certain circumstances, an officer's return of service may be amended. It is only the original entry that may be amended; a certified copy is not amendable. Another distinguishing feature is that the judgment rendered on a statutory appeal is the final judgment upon which execution issues, and the execution is the process of the appellate court.

A distinction is sought to be drawn between appeals from a court of record and a court not of record. This distinction is not recognized by the statute, since the code sections providing for transmitting appeals from the court of ordinary (a court of record) and a justice's court (which is not a court of record) are identical. The various code sections relating to appeals to the superior court from justice's courts, county courts, and courts of ordinary are in pari materia, and should be construed as providing for a single system of appellate procedure. The Civil Code, §4214, provides that when an appeal is entered from a county court, the "county judge shall transmit the same, and all papers connected with the case appealed, to the clerk of the superior court." Here we find express provision for the transmission of the original papers, and there is no reason why the same procedure should not prevail in an appeal from a justice's court, or the court of ordinary. Among the first decisions rendered by this court, it was ruled, in the case of an appeal from the inferior court to the superior court, where the clerk sent up the original papers, together with a certified copy of the appeal bond, that this was a compliance with the act which required him to transmit the appeal. *Nisbet* v. *Lawson,* 1 *Ga.* 275.

Furthermore, it has been (so far as we know) the universal practice in cases of appeal, for the judge of the court from whose decision an appeal is taken to the superior court, in transmitting the appeal, to send up the original papers. Five of the Justices of this court as at present constituted previously served as judges of the superior court, and the practice has been uniform in the courts over which they presided for the original papers to be transmitted with the appeal. As was said by Bleckley, J., in *McLendon* v. *Frost,* 59 *Ga.* 351, "The uniform course of practice is evidence of the law." We think that when an appeal is entered in the court of ordinary to a superior court, it is the duty of the ordinary to transmit, along with the appeal, all the original pleadings pertaining to the case. The performance of this duty may be compelled by mandamus.      *Judgment reversed. · All the Justices concur.*