30820. WOFFORD *et al. v.* VANDIVER.

DECIDED MAY 23, 1945. REHEARING DENIED JUNE 28, 1945.

*Wheeler, Robinson & Thurmond,* for plaintiffs.

*E. C. Brannon,* for defendant.

MacINTYRE, J. The appeal in this case from the ordinary's court, coming on to be heard in the superior court, was by that court dismissed upon motion of the defendant in error. The appeal and the original pleading, which was transmitted from the ordinary's court to the superior court, showed that the ordinary had refused to open the judgment appointing an administrator and let in the objections to the appointment of the defendant in error as administrator of his mother's estate. It appears by the pleading and the record that the case was ripe for a judgment in the court of ordinary, a court of record, on November 6, 1944, and that on that day judgment was accordingly entered appointing the defendant in error administrator; that he qualified as such on November 8, 1944, and on that day a caveat was filed seeking to vacate, or open the judgment, and allow the caveators to make objections to the appointment of such administrator. The filing of the caveat to the petition or application for the appointment of the administrator could not in any way interfere with the right of the defendant in error to a judgment at the time the judgment was rendered, for the caveat was not filed at the time of the rendition of the judgment. No case is triable either in the court of ordinary or in the superior court without pleadings, for both courts are courts of record. This caveat, which was the only one filed,

was not filed within the time required by law, and was wholly inoperative in the court of ordinary except so far as the objections to the appointment of the administrator might have been relevant in connection with the motion made in the ordinary's court to open up the judgment and allow the objections to be filed. "A motion in arrest of judgment [or a motion to set aside] can be sustained only upon such cause as is apparent upon the face of the record." Reinhart v. State, 29 Ga. 522; Code, § 110-702. This judgment in the ordinary's court, being regular on its face, and, from the facts stated in the pleading and the record, there being nothing to show that it was not regular and valid in fact, a statutory motion to set aside or arrest would not be available. However, the judge of the superior court seems to have construed the caveat as seeking to invoke the remedy of a motion to open the judgment, or to vacate it, and let in the objections stated in the caveat. Such a motion is left to the sound discretion of the ordinary, and where, on appeal to the superior court from his decision, the appeal from the ordinary's court and the pleadings pertaining to the case, which are required to be sent up along with the appeal, show as a matter of law that the ordinary did not abuse his discretion in refusing to open the judgment and allow the objections in question, thus showing that no legal or valid objections were *properly filed*, in the record in either the ordinary's court or the superior court, and that the only objections were the inoperative objections filed, not within the time required by law in the ordinary's court—in these circumstances the pleading made no issue to be tried in the superior court.

In an appeal from the county court to the superior court, can the appellant, after having exercised his right of appeal, bring in the trial of the case in the superior court defenses which were not made in the court from the judgment of which he has taken an appeal? "The trial of the case on appeal is a de novo proceeding, but it by no means follows that the pleadings and defenses in the case are to begin over again in this new trial. On the contrary, the new trial is had on the papers connected with the case when the judgment was rendered . . subject to proper amendment." Freeman v. Carr, 104 Ga. 718 (30 S. E. 935). "When a case is on appeal in the superior court from a justice's court, any amendment of the summons, whether in matter of form

or of substance, may be made which could have been made whilst the case was pending in the primary court. The only restriction on either court is, that there must be enough to amend by." *Reynolds* v. *Neal*, 91 *Ga.* 609, 614 (18 S. E. 530).

In a case of an appeal from the ordinary's court to the superior court it has been said: "The various Code sections relating to appeals to the superior court from justice's courts, county courts, and courts of ordinary are in pari materia, and should be construed as providing for a single system of appellate procedure." *Robinson* v. *McAlpin*, 130 *Ga.* 489, 491 (61 S. E. 115). "The trial in the superior court [of statutory appeals] is had without reference to the evidence introduced in the former trial, and is a de novo investigation. When a case is on appeal, any amendment, whether in matter of form or substance may be made which could have been made while the case was in the primary court." Id. "In a justice's court [which is not a court of record] many defenses are allowed to be made by oral plea, and on appeal to the superior court these defenses are required to be reduced to writing before the case proceeds to trial." Id. 490. The ordinary's court and the superior court are both courts of record and no case is triable in these courts without pleadings. Id. Hence, in the instant case, the judgment entered by the superior court dismissing the appeal of the objectors was not erroneous, because the objectors had not filed any operative pleading which raised an issue triable in the superior court. See, in this connection, North *v.* Yorke, 174 Pa. 349 (34 Atl. 620).

A different question would have been presented if a petition to remove the administrator because he was "unfit for the trust reposed in him" had been filed under the Code, § 113-1229, and cases decided thereunder. Under such circumstances, the petition would be the pleading and would authorize the introduction of evidence on the alleged fact of unfitness, and if the ordinary, after the introduction of the evidence, in his discretion, found adversely to the petitioner, then, on appeal to the superior court, "the trial in the superior court is [to be] had without reference to the evidence introduced in the former trial." *Robinson* v. *McAlpin*, supra. In such a case the discretion exercised by the ordinary *is transferred to the jury* in the superior court, and the question to be determined is determined by the jury from the evidence. In

the instant case the question to be determined is one of law, i. e., whether the pleading in the superior court raised the issue sought to be determined by the plaintiff in error.

The cases cited in the brief of the plaintiff in error are distinguishable by their particular facts from the instant case.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*