## 18473. LIVELY et al. v. GRINSTEAD, Supervisor.

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 9, 1954.

362

363

Frank Grizzard, Frank A. Bowers, John L. Respess, Jr., Margaret Hopkins, Guy Tyler, Edward E. Dorsey, D. B. Phillips, Davis & Stringer, Johnson & Johnson, for plaintiffs in error.

Eugene Cook, Attorney-General, Hugh C. Carney, Hamilton B. Stephens, Assistant Attorneys-General, contra.

SUTTON, Justice. "Intervenors in an equity suit take the case as they find it, and cannot establish equities in their own behalf by intervention where the original petition in the case in which they intervene does not allege an equitable cause of action." Smith v. Manning, 155 Ga. 209 (4) (116 S. E. 813). Nor will constitutional questions be passed upon unless their determination is necessary to a disposition of the case. Sumter County v. Allen,

193 *Ga.* 171, 173 (17 S. E. 2d 567) ; *Harper* v. *Davis,* 197 *Ga.* 762, 765 (30 S. E. 2d 481) ; *Powers* v. *Wren,* 198 *Ga.* 316 (3) (31 S. E. 2d 713) ; *Hutchins* v. *Candler,* 209 *Ga.* 415, 416 (73 S. E. 2d 191) ; *Aiken* v. *Richardson,* 209 *Ga.* 837 (4) (76 S. E. 2d 393) ; and citations. Therefore, the question arises as to whether the petitioners have exhausted their statutory remedy.

Section 2 of the act of 1951 (Ga. L. 1951, p. 565; Code, Ann. Supp., § 92A-602) provides for a hearing upon the request of any person aggrieved by acts of the director, and that "any order or act of the Director, under the provisions of this act, shall be subject to review by the superior court in the county of the residence of the complaining party in a proper proceeding."

Equity by writ of injunction will restrain any act which is illegal or contrary to equity and good conscience and for which no adequate remedy at law is provided. Code § 37-102; *Chadwick* v. *Dolinoff,* 207 *Ga.* 702 (2) (64 S. E. 2d 76) ; *Waycross Military Assn.* v. *Hiers,* 209 *Ga.* 812 (5) (76 S. E. 2d 486). But where all the relief sought can be obtained in the manner provided by law, a suit in equity for injunction will not lie. *Scarbrough* v. *Cook,* 208 *Ga.* 697 (1) (69 S. E. 2d 201).

Applying the above-stated principles of law to the pleadings under consideration, the allegations of the petition as amended, which neither made any reference to a request for a hearing nor to any appeal to the superior court, failed to state a cause of action for the injunctive relief that was sought, and the trial judge did not err in sustaining the defendant's general demurrer and in dismissing the action.

*Judgment affirmed. All the Justices concur.*