18790. FLETCHER *v.* DANIELS.

SUBMITTED NOVEMBER 8, 1954—DECIDED JANUARY 12, 1955— ADHERED TO ON REHEARING FEBRUARY 17, 1955.

*Harris, Chance & McCracken, Otis W. Harrison,* for plaintiff in error.

*Wilmer D. Lanier,* contra.

HEAD, Justice. ■ Certain constitutional attacks were made in the "motion to adjudge" on sections 20 and 21 of the act approved February 21, 1951 (Ga. L. 1951, pp. 481-493), as amended by an act approved December 12, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 124-127), and upon the act, as amended, in its entirety.

It has long been the rule that courts will abstain from ruling upon the constitutionality of an act of the General Assembly where there is any other proper basis upon which to render a valid judgment. *Armstrong* v. *Jones,* 34 *Ga.* 309; *McGill* v. *Osborne,* 131 *Ga.* 541 (62 S. E. 811) ; *Georgia Power Co.* v. *City of Decatur,* 173 *Ga.* 219, 223 (159 S. E. 863) ; *Lively* v. *Grinstead,* 210 *Ga.* 361 (80 S. E. 2d 316), and cases cited.

Generally, the owner of land has the right to use his land for any lawful purpose. *Kitchens* v. *Noland,* 172 *Ga.* 684 (158 S. E. 562) ; *England* v. *Atkinson,* 196 *Ga.* 181 (26 S. E. 2d 431) ; *Spencer* v. *Poole,* 207 *Ga.* 155 (60 S. E. 2d 371). In the present case, restrictions and limitations upon the use of the property of Dr. Fletcher are insisted upon under the terms of the zoning acts hereinabove set forth. If such acts should be declared unconstitutional in their entirety, it is not contended that there would be any prohibition resting upon Dr. Fletcher in the use of his land. If the constitutional attacks upon sections 20 and 21 of the act of 1951, as amended, should be sustained, the appeal filed in the superior court would fail, since the only provision for appeal to the superior court is contained in these sections.

■ Generally when an appeal is filed to the superior court from any inferior judicatory, the appeal must be filed in the court rendering the judgment complained of, and that court transmits the appeal, together with the record, to the superior court of the county in which the appeal is entered. Code §§ 6-203, 6-205, 6-302, 6-501, 24-2615; *Robinson* v. *McAlpin,* 130 *Ga.* 489, 491 (61 S. E. 115). Conceding, but not deciding, that the General Assembly may have intended by the provisions of sections 20 and 21 of the zoning act (Ga. L. 1953, Nov.-Dec. Sess., p. 124) that the appeal therein provided should be filed in the superior court by the appellant or his counsel, the appeal in the present case, which followed that course, was insufficient to constitute a valid appeal. There being no certified judgment or record before the superior court from the board of zoning appeals

as to the judgment rendered by that board, the appeal to the superior court was incomplete. Whether or not the judge of the superior court should grant a timely motion requiring the board of zoning appeals to send up a certified copy of its judgment and such proceedings as were had before the board, would be a matter largely within his discretion. *Strohecker* v. *Dessau*, 72 *Ga.* 900.

This court neither expresses nor intimates what the rulings of the trial judge should be if the appeal should be perfected. However, until such time as the appeal is perfected by proper certification by the board of zoning appeals of the existing record, there is nothing before the superior court to sustain a judgment for the appellant.

*Judgment reversed. All the Justices concur.*