25389, 25390. CROSS v. THE STATE (two cases).

ARGUED SEPTEMBER 9, 1969—DECIDED NOVEMBER 6, 1969—
REHEARING DENIED DECEMBER 4, 1969.

·*Charles R. Smith,* for appellants.
*Jeff C. Wayne, District Attorney, Charles W. Stephens,* for
appellee.

FRANKUM, Justice.   William Howard Cross and his wife,
Jeanette Clara Cross, were jointly indicted, along with two
others, on six counts charging them with violation of the gaming
laws.   They were separately tried and he was convicted on
all 6 counts, and she was convicted on Counts 1 through 5,
and acquitted on Count 6.   They filed separate appeals to this
court in which they raise the same question, the nature of which
will appear from the opinion.

Pursuant to the provisions of Chapter 26-20 of the Code, as
amended by the Act of April 19, 1967 (Ga. L. 1967, pp. 844-
852), and specifically pursuant to the provisions of *Code*

§ 26-2005 (b) as so amended, and pursuant to the provisions of the Act of Congress approved June 9, 1968 (82 Stat. 212; 18 U. S. C. A. Ch. 119), the Solicitor General (now District Attorney) of the Northeastern Judicial Circuit applied to one of the judges of that circuit for the issuance of an investigative warrant authorizing him, his agents, employees and associates to intercept, listen to and record "the telephone conversation of William H. Cross and other persons, whose identity are presently unknown, conducted over the telephone lines and located at the . . . dwelling house occupied by William H. Cross located approximately 5.2 miles south of the city limits of Gainesville, Georgia, on the east side of U. S. Highway #23, in the Blackshear place community in Hall County, Georgia; telephone numbers: 532-3094 and 688-2258." The warrant applied for was issued, and thereafter, upon application duly made for a renewal of the order, a renewal warrant was issued covering the additional period of 10 days, as permitted by the Georgia statute. During the pendency of the aforesaid warrant and the renewal warrant, the solicitor general and agent of the Georgia Bureau of Investigation, acting thereunder, "tapped" the telephone lines described in the warrant and recorded numerous conversations conducted over said telephone lines. Thereafter, chiefly in reliance upon evidence thus obtained, the indictments here involved were drawn and returned.

Each of the defendants timely moved to suppress the evidence obtained pursuant to the investigative warrant and renewal thereof, and such motion having been overruled, renewed their grounds of objection to the evidence by objecting to its introduction upon the trial of the cases. The objections to the evidence were overruled and the trial resulted in the verdicts of guilty as aforesaid. Each defendant filed a motion for a new trial on the usual general grounds, and the motion of William Howard Cross was amended by the addition of 10 special grounds, the motion of Jeanette Clara Cross was amended by the addition of 8 special grounds. Each appellant has filed an enumeration of errors in which the overruling of the motion for new trial is excepted to, along with other exceptions relating to their motions to suppress evidence and

excepting to the admission in evidence of the recordings of the telephonic communications intercepted pursuant to the investigative warrant aforesaid. In their brief and argument before this court, the appellants have limited the grounds upon which they urge reversal of the case solely to the questions raised by their motions to suppress evidence and by their objections to the admission of such evidence upon the trial of the cases. All other grounds of exception presented by the amended motions for new trial shall, therefore, be treated as having been abandoned.

■ We have concluded, after a careful study of the appeals and the questions raised by the grounds of enumerated error, the motion to suppress the evidence and the argument of counsel before this court that the appeals in these cases may properly be decided without a decision on the constitutional questions raised. "It has long been the rule that courts will abstain from ruling upon the constitutionality of an Act of the General Assembly where there is any other proper basis upon which to render a valid judgment. *Armstrong v. Jones,* 34 Ga. 309; *McGill v. Osborne,* 131 Ga. 541 (62 SE 811) ; *Ga. Power Co. v. City of Decatur,* 173 Ga. 219, 223 (159 SE 863) ; *Lively v. Grinstead,* 210 Ga. 361 (80 SE2d 316), and cases cited." *Fletcher v. Daniels,* 211 Ga. 403, 404 (86 SE2d 232). See in addition to the foregoing cases, and to the same effect, *Smith v. Ga. Granite Corp.,* 186 Ga. 634, 639 (198 SE 772, 119 ALR 550); *Bagwell v. Cash,* 207 Ga. 222 (4) (60 SE2d 628) ; *Routon v. Woodbury Banking Co.,* 209 Ga. 706, 708 (75 SE2d 561).

■ Section 605 of the Federal Communications Act (47 U. S. C. A. § 605) was amended by the Act of June 19, 1968 (82 Stat. 223), and the language thereof extensively revised. Prior to such amendment, the Supreme Court of the United States had held that the unqualified language of the original Section 605, prohibiting any person, not being authorized by the sender, from intercepting "any communication" and divulging or publishing "the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person" was broad enough, and evidenced an intent on the part of Congress, to prohibit the unauthorized disclosure or divulgence of any communication whether interstate or intrastate. Weiss v. United

States, 308 U. S. 321 (60 SC 269, 84 LE 298). In Lee v. Florida, 392 U. S. 378 (88 SC 2096, 20 LE2d 1166), a case decided on June 17, 1968, two days before the passage of the so-called Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 216) the Supreme Court again had under consideration the scope and effect of § 605 and held that recordings obtained by police by intercepting defendants' telephone conversations in violation of § 605 inadmissible in evidence in a State court trial for the violation of State lottery laws, thereby expressly overruling the earlier case of Schwartz v. Texas, 344 U. S. 199 (73 SC 232, 97 LE 231) which held that telephonic communications intercepted by State officers could lawfully be received in evidence in State criminal trials.

As a part of the Omnibus Crime Control and Safe Streets Act, Congress completely rewrote § 605, seemingly thereby limiting its force and effect, insofar as the disclosure and divulgence of intercepted communications was concerned, to radio communications. At the same time it added a new Chapter 119 to Title 18 of the U. S. Code, embodying §§ 2510 through 2520. Section 2515 thereof provides: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter." This section, having been enacted contemporaneously with the above-mentioned revision of 47 U. S. C. A. § 605, obviously was intended to supplant former § 605, insofar as it prohibited the disclosure of telephonic communications. We think that, without resort to the reasoning applied in the case of Weiss v. United States, 308 U. S. 321, supra, it is apparent that the language of § 2515, above, is expressly prohibitive of the introduction into evidence of any intercepted communication, be it interstate or intrastate, acquired in violation of the provision of Chapter 119 of 18 U. S. C. A. We, therefore, need look only so far as is necessary to determine whether the pro-

visions of that Act have been complied with, for if they have not, then the reception in evidence of the intercepted messages in these cases constitutes reversible error, and it is unnecessary to a decision of these cases to determine whether the Georgia statute under which the district attorney purported to act is or is not constitutional, because if Chapter 119 was not complied with a reversal of the conviction is required irrespective of that question.

■ Prior to the trial the defendants filed written motions to suppress for use as evidence all tape, wire and electronic recordings and all transcripts of conversations so recorded by wire, tape, or wireless transmitter placed on the telephone lines of William H. Cross and all intercepted conversations from other telephones to persons on each of the telephone lines involved during the dates of December 6, 1968, through December 24, 1968, and to suppress all evidence obtained as a result of the investigative warrant and the renewal warrant in question. In addition to the constitutional attacks on the 1967 Act of the General Assembly (Ga. L. 1967, p. 844 et seq.), enacting a new Chapter 26-20 of the Code, the defendants made eight objections to the warrant itself contending that it was null and void by reason of its failure to comply with the requirements of 18 U. S. C. A., § 2518 (3), (4) and (5). Section 2516 (2) of 18 U. S. C. A. authorizes the principal prosecuting attorney of any political subdivision of any State, if such attorney is authorized by a statute of that State, to make application to a State court judge of competent jurisdiction for an order authorizing interception of wire or oral communications, such order to be granted in conformity with § 2518 of the chapter and in conformity with the applicable State statutes. In their objections to the warrant, defendants contended that it was null and void because the judge issuing it did not find in his order that there was probable cause for belief that an individual is committing, or has committed, or is about to commit a particular offense; because he did not find that there was probable cause for belief that particular communications concerning such offense would be obtained through such interceptions; because he did not find in his order that normal investigative procedures have been

tried and have failed or reasonably appear to be unlikely to succeed if tried, or to be too dangerous, and because he did not find in his order that there was probable cause for belief that the facilities where the communications were to be intercepted were about to be used in connection with the commission of a particular offense, as required by § 2518 (3). None of these contentions is meritorious. Paragraph 3 of § 2518, of 18 U. S. C. A., does require the trial judge to make the findings set forth in the objections to the evidence as above outlined, but nothing in this section requires that these findings be set forth in the warrant itself. The failure of the trial judge to expressly make such written findings will not be cause for invalidating the warrant where it appears from the record that the affidavit or other evidence submitted to the issuing judge by the applicant would clearly have authorized such findings. Under these circumstances it will be presumed that the judge issuing the warrant made the necessary findings before issuing it. The same rule would apply with respect to the renewal warrant where the record shows that an ample showing was made to the judge issuing such renewal warrant authorizing him to make the necessary findings.

■ Two grounds of objection to the warrant set forth in the motion to suppress and renewed by the defendants in objecting to the reception in evidence of recordings of telephone conversations conducted over the telephone lines of the defendant, William H. Cross, at the time such evidence was offered, relate to the failure of the warrant and the renewal warrant to specify or include a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained, and to the failure of the warrant and the renewal thereof to contain a provision that the authorization to intercept shall be executed as soon as practicable, and shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception and because they fail to provide expressly that the interception of messages pursuant thereto shall terminate when the authorized objective has been obtained, as required by the provisions of 18 U. S. C. A. § 2518 (4) (e) and § 2518 (5). We think

these objections are valid and that they should have been sustained by the trial court. It cannot be questioned that the defendants were aggrieved by the failure of the warrant to contain such a restriction upon the interception of communications over the telephone lines of the defendant, William H. Cross. The transcript of the evidence shows that considerable portions of the tapes introduced in evidence recorded conversations which were totally irrelevant to any question relating to gambling. The fact that the court did not permit such irrelevant portions to be played to the jury did not alter the fact that under the warrant the investigating officers were permitted to conduct a general and wide ranging search through all of the telephone conversations conducted on the telephone lines in question during a period covering approximately 20 days and to seize and record matters in no way related to the crime which they were investigating. Such a search constituted a violation of the defendants' right to privacy guaranteed to them under the terms of the Fourth Amendment of the United States Constitution, and by Art. I, Sec. I, Par. XVI of the Constitution of this State. The failure of the order authorizing the interception of the communications in this case to comply with the provisions of 18 U. S. C. A. § 2518 (4) (e) and that portion of Par. (5) thereof requiring that "every order and extension thereof shall contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this Chapter, and must terminate upon attainment of the authorized objective," requires a reversal of the verdicts of guilty and judgments of conviction because of the failure of the court to exclude evidence thus illegally obtained in violation of those provisions of the Federal Act.

*Judgment reversed. All the Justices concur.*