25995. JOHNSON et al. v. THE STATE.

SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED OCTOBER 22, 1970.

*Wesley R. Asinof, Charles R. Smith, Joe Salem,* for appellants.
*Hinson McAuliffe, Solicitor, Thomas E. Moran, Frank E.
Bowers, Arthur K. Bolton, Attorney General, Harold N. Hill,
Jr., Executive Assistant Attorney General, Marion O. Gordon,
William R. Childers, Jr., Assistant Attorneys General,* for
appellee.

ALMAND, Chief Justice. This appeal is from an order of a
Judge of the Criminal Court of Fulton County overruling the
motion of sixteen defendants to suppress certain evidence, in
an accusation charging them with the misdemeanor offense of
conspiring to keep and maintaining a lottery known as the
numbers game.

In their motion to suppress, the defendants alleged in sub-
stance: that on August 12, 1968, Judge Elmo Holt, a judge of
Fulton Superior Court, upon the application of the Attorney
General of Georgia, signed an order authorizing the interception,
listening to and recording of telephone conversations of certain
named individuals at stated places and telephone numbers by
use of described transistorized electrical devices. The order
was to be in effect for 10 days, and was subsequently extended
for 10 more days.

They further alleged, "As a result of the aforesaid investiga-
tions warrants to intercept telephonic communications, agents
of the Georgia Bureau of Investigation, acting under color of
Georgia law and under the control and supervision of Major
Barney Ragsdale, Director, between August 12th and 29th, 1968,
intercepted certain oral communications relating to personal
matters as well as incriminatory statements made orally over
said telephone lines by each of the aforesaid movants, the inter-
ceptions being conducted without the knowledge or consent of
movants, recorded same, returned what purports to be a correct
transcription thereof to the presiding judge of Fulton Superior
Court, and are intending to use said recording and transcripts,
and testify to the contents thereof, as evidence against the said
movants in this court upon the trial of the case."

As aggrieved parties they alleged that: "Said orders issued by the presiding judge of Fulton Superior Court authorizing the interception of telephonic communications were insufficient on their face for the following reasons:

"a. Because the order and the extension thereof authorizing or approving the interceptions of the wire communications does not specify or include a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained, as is required by Title 18, U. S. C. A., Section 2518 (4) (e).

"b. Because the order and the extension thereof does not contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception and does not state that it is to terminate upon obtainment of the authorized objective, as is required by Title 18, U. S. C. A., Section 2518 (5).

"c. Because the order and the extension thereof does not specify and particularly define, name or describe the agents, employees, and associates of the Attorney General of Georgia who are authorized to intercept, listen to, and record the telephone conversations of the movants."

It was alleged that the communications were unlawfully intercepted for many reasons including an attack on the constitutionality of the 1967 Act (Ga. L. 1967, p. 844; Code Ann. § 26-2004) authorizing interception of telephonic communications.

After a hearing the court entered an order overruling the motion to suppress and certified the case for direct appeal.

■ After the evidence was seized, but before any proceedings were instituted against them, the defendants moved in Fulton County Superior Court to suppress this evidence pursuant to Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571).

The judge overruled their motion, but clearly stated he was not ruling on the validity of the warrants, saying that such a ruling must be made by the court where criminal proceedings might be brought.

The State subsequently did bring proceedings against these

defendants in the Criminal Court of Fulton County. At that time, the State introduced the above described motion and ruling as being res judicata on the issue of the validity of the warrants.

The language of the order, as summarized above, clearly shows that this contention is without merit.

■ On the issue of the validity of the investigations warrants to intercept telephonic communications, this case is controlled by the unanimous decision of this court in *Cross v. State*, 225 Ga. 760 (171 SE2d 507), which was decided by this court on March 6, 1969, a date subsequent to the August, 1968, date on which these warrants were issued. It was held there:

"4. The order authorizing the tapping of the telephone lines of one of the defendants and the renewal order failed to comply with the requirements of 18 U. S. C. A. § 2518 (4) (e) and (5) in that they failed to include provisions that the orders shall be executed as soon as practicable, failed to state whether or not the interception of conversations shall automatically terminate when the described communication has been first obtained; that the search shall be conducted in such a way as to minimize the interception of communications not subject to seizure and shall terminate upon the attainment of the authorized objective. This deficiency rendered recording of the telephone conversations obtained pursuant thereto inadmissible in evidence and the defendants' motions to suppress such recordings as evidence and their objections to the reception of such evidence made on those grounds should have been sustained."

Sections 4 and 5 of the 1968 Act of the United States Congress (18 U. S. C. A. § 2518) which describe the procedure for interception of wire or oral communications provide:

"(4) Each order authorizing or approving the interception of any wire or oral communication shall specify . . . (e) the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained.

"(5) No order entered under this section may authorize or approve the interception of any wire or oral communication for

any period longer than is necessary to achieve the objective of the authorization, nor in any event longer than thirty days. . . Every order and extension thereof shall contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter, and must terminate upon attainment of the authorized objective, or in any event in thiry days. . .

"(10) (a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that: (i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; . . ."

The order did not include "a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained," nor "contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a manner as to minimize the interception of communications not otherwise subject to interception and must terminate upon attainment of the authorized objective." These provisions are mandatory.

We follow the decision in *Cross v. State,* supra, and deny the request to overrule that case.

In view of the above ruling it is not necessary that we consider or pass upon the validity of the Act of 1967 (Ga. L. 1967, p. 844).

*Judgment reversed. All the Justices concur.*