Leonabd Soholniok, J.
Defendants move to suppress evidence obtained pursuant to an eavesdropping warrant on the ground that the failure of the monitoring agents to minimize the interception of telephonic communications was in violation of subdivision 7 of CPL 700.30. The indictment accuses the defendants of violation of article 220 of the Penal Law, dangerous drug offenses, and violation of article 105 of the Penal Law, conspiracy. The statutory requirements of subdivision 7 of CPL 700.30 are as follows: “An eavesdropping warrant must contain * * * A provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article, and must terminate upon attainment of the authorized objective, or in any event in thirty days ”.
A hearing was held at which all the defendants and their counsel were present. At this hearing the cóurt heard approximately 130 taped conversations, examined the transcripts and the log books maintained by the monitoring agents, heard testimony adduced, and makes the following findings: On September 19, 1971, an order was signed by Mr. Justice Starkey authorizing the interception of telephone communications of Ernest Solomon, also known as “ Ernie,” transmitted *848 over telephone instrument number 853-8360 located at 91 Ocean Parkway, Brooklyn, New York, by the District Attorney of Bangs County or his duly designated agents, which communications related to the crimes of violation of article 220 of the Penal Law, dangerous drug offenses.
The wiretap was installed on September 20, 1971 and monitoring agents proceeded to intercept communications transmitted over the aforestated telephone instrument.
On October 19, 1971 a renewal order was signed extending the original eavesdropping warrant for an additional period of 30 days to terminate on November 18, 1971.
A prior motion to controvert the eavesdropping warrant and its extension upon the ground that the original order did not contain the minimization provision required by subdivision 7 of CPL 700.30 was denied by a Justice of this court (74 Misc 2d 926). That court ruled that failure to incorporate the aforementioned provision did not render the eavesdropping warrant defective and that the omission of said provision in the original order was a technical oversight in draftsmanship and does not vitiate the order ab initio.
Thus, the validity of the orders of authorization having already been decided, that question is not before this court.
A widespread narcotic conspiracy was uncler investigation involving numerous transactions and many persons.
During the course of the execution of the eavesdropping warrant, there was no attempt to minimize the interception of nonpertinent (innocent) calls of the approximate 1,004 conversations intercepted and taped.
The issue on this motion is: Are the defendants or any of them entitled to suppression of the intercepted conversations for failure of the designated agents to comply with the minimization provision of the applicable statute?
There is a conflict in the decisions on the question involved.
It has been held in a motion to suppress based upon the failure to minimize, that where, in fact, there is no minimization, all intercepted communications need not be suppressed, but only those intercepted communications that are not pertinent, material, or relevant would be suppressed (United States v. King, 335 F. Supp. 523; United States v. Cox, 462 F. 2d 1293; United States v. LaGorga, 336 F. Supp. 190; United States v. Mainello, 345 F. Supp. 863; United States v. Sisca, 361 F. Supp. 735).
This court agrees and finds persuasive the rationale of those decisions. This was an investigation of a large-scale narcotic *849 conspiracy with persons conversing in colloquial narcotic code. Interception of most of the telephone calls made during the period of the wiretap does not constitute a failure to minimize simply because, in retrospect, it can be seen that a substantial number of the intercepted communications had no evidentiary or investigative value and were innocent in character. “ The test of whether or not the minimization requirements are complied with is not retrospective but contemporaneous.” (United States v. Sisca, supra, p. 745).
Cox points out (supra, p. 1301) that even though there was ‘ ‘ a failure to minimize, it would not follow that Congress intended that as a consequence all the evidence obtained should be suppressed. Quite the contrary, 18 U. S. C. § 2517 manifests an intent to utilize all the evidence obtained * * * The nonincriminating evidence could be suppressed pursuant to 18 U. S. C. § 2518(10)(a), but the conversations the warrant contemplated overhearing would be admitted.”
The King case (supra) indicates that Congress considered it not prudent or necessary to particularize the mode of execution of an eavesdropping warrant to achieve minimization within the four corners of the statute. The primary purpose of the wiretap was to determine the scope of the narcotic conspiracy and to determine its method of operation, which involved numerous persons, and where it was extremely difficult, if not impossible, to determine which calls were innocent and non-pertinent in advance of formulating reliable pattern of the narcotic conspiracy. The imposition of a rigid standard might in variant circumstances serve to thwart the very purpose and intent of the statute. Telephone calls between conspirators may be intercepted in their entirety due to the grave possibility that the innocent conversations may take a relevant and pertinent turn.
The court stated in United States v. LaGorga (336 F. Supp. 190, 196, supra): “It is often impossible to determine that a particular telephone conversation would be irrelevant and harmless until it has been terminated. It is certainly not unusual for two individuals using the telephone to discuss social matters or items of general interest before getting to the precise point which is to be covered in the call. Similarly, when a call is made to a residence, the telephone is often answered by a young child who will turn. it over to one of the adult members of the household at some point in the conversation * * * We also entertain serious doubts that suppression of all the evidence is mandated as the decision in Scott [331 F. Supp. 233] seems *850 to indicate. Bather we choose to accept the interpretation of § 2518(10) (a) adopted by the Court in United States v. King, * * * where it was held that suppression applies to the specific interception which is determined to be unlawful rather than a blanket order which would affect all the evidence including that obtained by procedures sanctioned by statute and Court Order.”
This court considers the wiretaps in this case to be within the framework of the law and principles governing search and seizure. In United States v. Sisca (supra, p. 746): “ The report of the Senate Committee on the proposed statute states, ‘ There is * * * no intention * * * generally to press the scope of the suppression role beyond present search and seizure law. ’ S. Rep. No. 1097, 2 U. S. Code, Cong. & Admin. News, pp. 2112, 2185 (1968).
“ In the ordinary case the seizure of some items beyond those specified in a search warrant does not result in the suppression •of those items which were validly seized * * * It was plainly the intent of Congress that the same rule should be applied in the case of wire communications intercepted under Chapter 119 and that, in my view, is what the statute provides.”
In United States v. Mainello (345 F. Supp. 863, supra) the court applied the law of search and seizure and suppressed all evidence not dealing with the offenses stated in the eavesdropping warrant, and admitted into evidence those intercepted conversations described in the order. The court quoted United States v. King (supra, at p. 543)While this court agrees with Scott that indiscriminate interception by Government agents is an invasion of privacy not to be tolerated, it is not clear that the application of the exclusionary rule to the wire surveillance requires the complete suppression * * * This court takes issue with [the Scott] position as having no legal basis, preferring to consider wiretaps within the framework of the general law of search and seizure and to follow its principles * * * whenever application of the exclusionary rule has resulted in total suppression of evidence in a criminal prosecution, it has been because the entire search and seizure was considered tainted by some violation of Fourth Amendment rights.”
In Sisca (supra), Judge Bryan adopted the rationale of United, States v. King (supra) when he denied a motion to suppress intercepted conversations because of failure of monitoring agents to satisfactorily comply with the minimization provisions of title 18 of the United States Code. In Sisea no effort at all *851 was made to minimize. The tape recorder automatically recorded all calls and ran unmonitored. In this case monitoring agents were usually present and monitored the interception and recording equipment but faced difficulties, as they testified, in determining which calls were pertinent and which were not.
There is a line of cases which holds that where there has been no minimization, all intercepted communications must be suppressed (United States v. Scott, 331 F. Supp. 233; People v. Holder, 69 Misc 2d 863; People v. Castania, 73 Misc 2d 166; Cross v. State, 225 Ga. 760). The rationale of those cases is that the minimization provision is mandatory, strict construction of the statute is required, and the failure to minimize constitutes an invasion of the right of privacy that requires suppression of all intercepted communications. This court does not find that reasoning to be persuasive and declines to follow it.
It is the conclusion of this court that the failure to minimize the interception of the telephonic communications does not require total suppression of all intercepted conversations. All intercepted conversations which are material and relevant of the approximate 130 which have been the subject of this hearing are admissible. Those conversations which are irrelevant and nonpertinent are suppressed. This ruling shall apply to all intercepted communications to be offered into evidence on the trial.
Accordingly, the defendants’ motion to suppress all intercepted communications on the ground that the monitoring agents failed to minimize said interceptions is denied.