28513. GRANESE et al. v. THE STATE.

ARGUED JANUARY 16, 1974 — DECIDED APRIL 16, 1974 —
REHEARING DENIED MAY 7, 1974.

*Wesley R. Asinof,* for appellants.
*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Carter Goode,* for appellee.

GRICE, Chief Justice.
This appeal is from the denial of a motion to suppress evidence obtained by the interception of telephone conversations and involves the Georgia Eavesdropping and Surveillance statute (Ga. L. 1968, pp. 1249, 1327 et seq.). The trial judge signed an order authorizing immediate review of the question.

The appellants, Anthony Joseph Granese, John Owen Tyler, Frank Tyler, Henry Edward Dolan, Jr., and Lemoin Stanley Dolan, were indicted in Fulton Superior Court for communicating gambling information, commercial gambling, and permitting a dwelling house

to be used as a gambling place. They filed their motion to suppress evidence, alleging that certain telephonic communications had been seized from their telephones and recorded under orders issued by Judges of the Superior Courts of the Atlanta, Stone Mountain, and Griffin Judicial Circuits. After a factual hearing, a Judge of the Fulton Superior Court denied the motion to suppress.

■ The first error enumerated is the denial of the ground of the motion to suppress contending that "Georgia Laws of 1967, pp. 847-849, approved April 19, 1967, Criminal Code of Georgia Title 26-3004" is violative of the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as alleged in the motion to suppress.

Counsel for the appellants is in error as to the origin of Code Ann. § 26-3004. It is derived from the new Criminal Code of Georgia, Ga. L. 1968, pp. 1249, 1328, effective July 1, 1969. This statute was in effect at the time the applications for investigation warrants were made in January, 1972, and not the former 1967 statute.

(a) It is asserted that Code Ann. § 26-3004 violates the Fourth and Fourteenth Amendments of the United States Constitution prohibiting unreasonable searches and seizures and guaranteeing due process of law, in that the statute authorizes general search warrants without limiting the seizure to particularly described and confined conversations.

There is no merit in this assertion. Code Ann. § 26-3004 (c) provides that the application for investigation warrant must set forth "the specific conversations and activities to be overheard or observed, . . ."

(b) It is contended that Code Ann. § 26-3004 violates the First and Fourteenth Amendments of the United States Constitution, prohibiting the abridgment of freedom of speech and guaranteeing due process of law, in that it curtails the communication of speech and expression and makes otherwise private conversation the equivalency of public property.

In *Dudley v. State,* 228 Ga. 551, 556 (186 SE2d 875), this court dealt with a similar attack on the Federal statute, and held that it was not subject to the attack. For

the same reasons given in the *Dudley* case, the Georgia statute is not subject to the attack made.

(c) It is contended that Code Ann. § 26-3004 violates the Sixth and Fourteenth Amendments of the United States Constitution, guaranteeing the right of counsel and due process of law, in that no notice is given to the person whose conversation is being intercepted advising him that he may remain silent and that anything said may be used against him, and advising him of his right to counsel.

The rights to remain silent and to have the assistance of counsel, which were held to be constitutional rights in custodial interrogations in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), do not apply to electronic surveillance of a suspect who is not in custody.

In United States v. King, 472 F2d 1, 5, it was held that: "There is no right to counsel while one is committing a crime." See also Ansley v. Stynchcombe, 480 F2d 437, 441. There is no merit in this constitutional attack.

(d) It is contended that Code Ann. § 26-3004 is violative of the Fifth and Fourteenth Amendments of the United States Constitution, protecting every person from being a witness against himself and guaranteeing due process of law, in that the statute fails to provide any notice to the person advising him that if he speaks, he may be a witness against himself.

In United States v. King, 472 F2d 1, supra, and Ansley v. Stynchcombe, 480 F2d 437, 441, supra, it was held that electronic surveillance of a suspect who was not in custody did not violate his Fifth Amendment right not to be compelled in any criminal case to be a witness against himself. We think this is the correct view.

(e) It is asserted that Code Ann. § 26-3004 violates the Fourth and Fourteenth Amendments of the United States Constitution in that it authorizes an investigation warrant to issue without a finding of probable cause that an individual is committing, has committed, or is about to commit, a particular offense.

The appellants acknowledge in their brief that the statute requires probable cause for the issuance of the

original warrant. They argue that it does not require "probable cause" for the renewal of the warrant, but merely requires "good cause." Code Ann. § 26-3004 (e).

Our Georgia statute is supplementary of the Federal statute. *Cross v. State,* 225 Ga. 760 (2) (171 SE2d 507). Under the Federal statute the applicant for extension of the warrant must show probable cause that a particular crime has been, is being, or is about to be committed. 18 USCA § 2518 (5). The "good cause shown" under the Georgia statute requires the "probable cause" of the Federal statute.

(f) There is no merit in the contention that Code Ann. § 26-3004 authorizes the interception and divulgence of private conversations concerning innocent and constitutionally protected speech without limiting the scope of the intercepted conversations to specifically defined areas of limited or restricted criminal activity.

(g) It is asserted that Code Ann. § 26-3004 violates Art. VI, Clause 2 (Code § 1-602) of the United States Constitution, providing that the laws of the United States made pursuant to the Constitution of the United States, are the supreme laws of the land, in that the 1967 Georgia statute authorizing investigation warrants for the interception of telephonic communications was enacted at a time when 47 USCA § 605, prohibited such interceptions, prior to the amendment thereof on June 19, 1968. This ground of attack was apparently made under the misconception that the 1967 Georgia statute is now in effect. The 1968 Georgia statute (Ga. L. 1968, pp. 1249, 1328), which replaced the 1967 statute, became effective July 1, 1969. At the time of its effective date, the Georgia statute was not repugnant to the Federal law.

■ In enumerated error 2 it is contended that the court erred in denying the motion to suppress on the ground that the order to intercept telephonic communications on a telephone located in Fayette County was issued by a judge of the superior court sitting in Spalding County, and the order to intercept telephonic communications on a telephone located in Rockdale County was issued by a judge of the superior court sitting in DeKalb County.

The Georgia law authorizing telephonic surveillance

by law enforcement officers provides that application for a warrant permitting such surveillance shall be made to "any judge of the superior court of the circuit" wherein the device is to be physically placed. Code Ann. § 26-3004 (c) (Ga. L. 1968, pp. 1249, 1328, 1329). Under Code Ann. § 24-2630 (Ga. L. 1971, pp. 363, 364), a judge may sign a warrant in any county within his circuit in which he is present at the time the warrant is signed.

It is the contention of the appellants that the Federal statute is controlling on this question, and that 18 USCA § 2518 (3) requires that the warrant be signed within the county in which the electronic device is to be located.

The Federal statute, 18 USCA § 2518 (3) provides that: "Upon such application the judge may enter an ex parte order, . . . authorizing or approving interception of wire or oral communications within the territorial jurisdiction of the court in which the judge is sitting, . . ."

The territorial jurisdiction of a judge of the superior courts is the judicial circuit in which he presides. Constitution, Art. VI, Sec. III, Par. I (Code Ann. § 2-3801). A superior court judge, in granting an application for telephonic surveillance, is not presiding as the judge for the particular county of his circuit in which he is physically present when the application is presented to him, but is acting as the "judge of the superior court of the circuit" authorized by Code Ann. § 26-3004 (c) to grant such applications. The application, therefore, may be granted in any county of his circuit.

■ Enumerated error 3 contends that the court erred in denying the motion to suppress on the ground that neither the applications for the investigative warrants nor the warrants complied with 18 USCA § 2518 (1) (c), (e), and (f). These divisions of § 2518 (1) contain the "information" which must be presented to the judge in the application for interception warrants.

(a) Division (c) requires "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; . . ."

The applications for investigative warrants were based on the affidavit of A. L. Elsberry, a detective in the gambling section of the Atlanta Police Department. He detailed information received from "a confidential and reliable informant" and from private citizens "who fear for their lives" on the betting activities by telephone of some of the appellants. He related information obtained by the personal surveillance of police officers and "from numerous reliable informants" that two of the appellants took over certain gambling activities of a notorious gambler on the gambler's death.

This affidavit was sufficient to comply with the requirements of 18 USCA § 2518 (c) as to the information to be presented to the judge. It was held in *Cross v. State,* 225 Ga. 760, 765 (3), supra, that it is not necessary that this finding be set forth in the warrant.

(b)   18 USCA § 2518 (1) (e) requires a full and complete statement of the facts concerning all previous applications known to the individual making the application. We must assume that the officer omitted any reference to a previous application because none has been made, in the absence of any contrary evidence.

(c)   The requirement in 18 USCA § 2518 (1) (f) that where the application is for the extension of an order, a statement must be made of the results thus far obtained, was complied with in the present case.

■ Enumerated error 4 asserts that the court erred in denying the motion to suppress on the ground that the warrants and renewals were invalid in that they did not contain a provision that the authority to intercept should be executed as soon as practicable, should be conducted in such a way as to minimize the interception of communications not otherwise subject to interception, and must terminate upon attainment of the authorized objective, as required by 18 USCA § 2518 (5).

The warrants authorized the surveillance to begin at a stated time within 24 hours of the signing of the warrant, and to continue for a maximum of ten days. This complied with the requirement that the order state that the interception be executed as soon as practicable. The section requires that the surveillance must terminate upon attainment of the authorized objective, "or in any

event in thirty days." The type of gambling operation described in the application for warrant authorized a continuing interception for the time allowed. The warrants ordered that the devices be continuously monitored by the personnel authorized, and that the personnel shall neither intercept nor record any conversation not authorized by the warrants, except to the extent required to eliminate such conversations.

It was not error to deny this ground of the motion to suppress.

■ The fifth enumerated error contends that the court erred in denying the motion to suppress on the ground that there was no probable cause submitted to the judges to authorize the issuance of the warrants.

It is argued that there was a lack of evidence indicating that normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried or to be too dangerous. We have previously held that there was sufficient evidence from which to make this finding.

There was ample evidence to show probable cause for the issuance of the warrants.

■ The sixth enumerated error complains that the warrant and renewal thereof were executed by a manually controlled recording device instead of a device which would automatically cease recording upon the return of the monitored telephone to its cradle, as ordered by the judge.

The warrants ordered that the device used to intercept telephone conversations "be activated and begin broadcasting whenever the . . . telephone or its extensions is removed from its cradle and . . . automatically cease recording upon the return of said telephone or its extensions to said cradle, . . ."

The evidence showed that the tape recorders in Fayette and Rockdale Counties were activated and deactivated automatically by the lifting and returning of the telephone to its cradle, but that the Fulton County recorder was manually operated. However, the evidence showed that the returning of the telephone to its cradle stopped the transmission of any sound to the Fulton County recorder.

The purpose of requiring in the orders that the interception devices must automatically cease recording upon the return of the telephone to its cradle was to prevent the use of a type of device which would record conversations occurring in the households of the appellants other than those by telephone. Since the Fulton County device ceased transmitting sound to the recorder when the telephone was returned to its cradle, the effect was the same as if the recording automatically ceased upon the return of the telephone to its cradle. This was a compliance with the orders.

*Judgment affirmed. All the Justices concur.*